ORIGINAL



FILED IN OPEN COURT
U.S.D.C. - Atlanta

APR 19 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | **UNDER SEAL** |
|---|---|
| v. | Criminal Indictment |
| VICTOR HILL | No. 1:21CR-143 |

THE GRAND JURY CHARGES THAT:

### Introduction

At all times material to this Indictment:

1. The Clayton County Jail ("the jail") was a facility in Jonesboro, Georgia, that housed pretrial detainees awaiting trial and convicted inmates awaiting transfer to state prison.

2. The Clayton County Sheriff's Office ("CCSO") was the law enforcement agency responsible for staffing, maintaining, and running the jail.

3. Defendant VICTOR HILL was the Clayton County Sheriff and was in charge of the CCSO and the administration of the jail.

4. As a certified law enforcement officer, Defendant HILL regularly received training, including use-of-force training that instructed force may not be used to punish a subject.

5. The CCSO's "Inmate Restraint Chair" policy ("the policy"), which had been approved by Defendant HILL, stated that "a restraint chair may be used by Security staff to provide safe containment of an inmate exhibiting violent or uncontrollable behavior and to prevent self-injury, injury to others or property damage when other control techniques are not effective."

6. Consistent with the Fourteenth Amendment's Due Process Clause, the policy emphasized that use of a restraint chair "will never be authorized as a form of punishment."

## Background

### Victim J.A.

7. On February 3, 2020, J.A. allegedly assaulted two women during a dispute about who was next in line at a Clayton County grocery store.

8. More than three weeks later, on the afternoon of February 25, 2020, J.A. was arrested by Forest Park Police Department officers and CCSO deputies without incident. Clayton County records indicate J.A. was unarmed, not under the influence of drugs, and offered no resistance.

9. A short time later, J.A. was booked into the jail as a pretrial detainee pending trial on charges stemming from the grocery store incident.

2

10. During the booking process, J.A. was escorted by a group of deputies and correction officers to the fingerprinting area where Defendant HILL confronted J.A.

11. During their exchange, Defendant HILL asked J.A. what J.A. had been doing in Clayton County on the day of the assault. J.A. replied, "It's a democracy, sir. It's the United States." Defendant HILL snapped back, "No, it's not. Not in my county."

12. When J.A. asked whether he was entitled to a fair and speedy trial, Defendant HILL replied, "Roll that chair around here. You stay out of Clayton County, you understand me? You sound like a dummy."

13. When J.A. again asked whether he was entitled to a fair and speedy trial, Defendant HILL replied, "You entitled to sit in this chair, and you're entitled to get the hell out of my county and don't come back. That's what you're entitled to. You sound like a damn jackass. Don't you ever put your hand on a woman like that again. You're fortunate that wasn't my mother or grandmama or you wouldn't be standing there. Now, sit there and see if you can get some damn sense in your head."

14. During J.A.'s interaction with Defendant HILL, J.A. was surrounded by law enforcement personnel at all times, was handcuffed most of the time, and never posed a threat to anyone.

15. Following the interaction, J.A. was strapped into a restraint chair and left there for hours per Defendant HILL's orders.

### Victim C.H.

16. On April 26, 2020, C.H., who had just turned seventeen years old, allegedly vandalized his family home during an argument with his mother and then left.

17. Shortly thereafter, a CCSO deputy apprehended C.H. nearby without incident and turned C.H. over to the custody of the Clayton County Police Department ("CCPD"). Clayton County records indicate C.H. was unarmed, not under the influence of drugs, and offered no resistance.

18. The deputy, a CCSO supervisor, then spoke with Defendant HILL on the phone, texted Defendant HILL a photograph of C.H. handcuffed and seated in a CCPD vehicle, and had the following text message exchange with Defendant HILL:

- Defendant HILL: How old is he?
- Deputy: 17

- Defendant HILL: Chair

19. A few hours later, very early on April 27, 2020, C.H. was booked into the jail as a pretrial detainee pending trial on charges stemming from the incident at his home.

20. Although C.H. had been compliant with law enforcement during and after his arrest and never posed a threat to anyone, he was strapped into a restraint chair and left there for several hours per Defendant HILL's orders.

### Victim J.H.

21. On the morning of April 27, 2020, J.H. was arrested by the Jonesboro Police Department following a domestic disturbance with possible drug use.

22. At the police station after his arrest, J.H. fell out of a chair after apparently pretending to pass out. J.H. was transported to Southern Regional Medical Center for evaluation.

23. While being treated at the hospital, J.H. refused treatment and left the building.

24. When Jonesboro police officers later re-apprehended J.H. outside his grandmother's house that afternoon, J.H. did not cooperate or comply with officers' commands and had to be carried down some steps and placed into a

patrol vehicle. Clayton County records indicate that J.H. was unarmed, not under the influence of drugs, and offered no resistance.

25. In the patrol vehicle, J.H. again appeared to feign unconsciousness but offered no resistance.

26. Shortly thereafter, still during the afternoon of April 27, 2020, J.H. was booked into the jail as a pretrial detainee pending trial on charges stemming from the domestic disturbance.

27. Upon J.H.'s his arrival at the jail, although J.H. was not combative and never posed a threat to anyone, J.H. was strapped into a restraint chair and left there for several hours per Defendant HILL's orders.

28. During his time in the restraint chair, J.H. was not allowed to go to the restroom and urinated on the restraint chair.

29. While C.H. and J.H. were both strapped in restraint chairs near each other, Defendant HILL confronted them. Referring to C.H., Defendant HILL said, "You know what he did yesterday? He went and destroyed his mother's house yesterday. That's what this asshole right here did."

30. Addressing both C.H. and J.H., Defendant HILL then opined, "I think both of y'all are just assholes that need a man to kick y'all in the ass and y'all be okay. I don't think y'all are bad people."

31. Still addressing both C.H. and J.H., Defendant HILL added, "Now, I'm going to tell you something. If I hear about you (C.H.) messing up your mama's house again, if I hear about you (J.H.) fighting cops and faking and going to the Southern Regional and then walking out and pulling out the IV, I'm a sit your ass in that chair for sixteen hours straight. Do you understand me? I need to hear from both of y'all that y'all not gonna show y'all's ass in my county no more."

### Victim G.H.

32. G.H. and a CCSO deputy had a payment dispute over some landscaping work G.H. did for the deputy in Butts County, Georgia. The work and dispute were unrelated to the deputy's employment with the CCSO. After learning about the dispute, Defendant HILL called G.H. on April 23, 2020.

33. During the call, Defendant HILL identified himself as the Clayton County Sheriff and asked G.H. why he was harassing his deputy. G.H. replied that Defendant Hill should tell his deputy to pay his bill and added, "you can go fuck yourself." The call then ended.

34. Unsure whether the caller had actually been the Clayton County Sheriff, G.H. used FaceTime to call back several times until Defendant HILL answered and removed a mask he was wearing.

35. After the FaceTime calls, Defendant HILL texted G.H., warning him not to call or text anymore. G.H. responded via text, "So this is Victor Hill correct." Defendant HILL responded with a second text warning for G.H. not to call or text him anymore.

36. Although G.H. did not call or text again, Defendant HILL the next day instructed a CCSO deputy to swear out an arrest warrant against G.H. for harassing communications.

37. The next day, April 24, 2020, Defendant HILL texted G.H., "[T]his is Sheriff Victor Hill. We have a warrant for your arrest. Would you like to turn yourself in, or have my Deputies find you?" G.H. did not respond.

38. The next morning, April 25, 2020, Defendant HILL again texted G.H., "My Deputies are actively looking for you. We have not and will not agree for you to turn yourself in when you want to. Turn yourself in today."

39. Meanwhile, Defendant HILL had sent a fugitive squad armed with handguns and AR-15 rifles to Butts County in an attempt to arrest G.H. on the misdemeanor arrest warrant.

40. After retaining a lawyer, G.H. turned himself in at the CCSO during the evening of April 27, 2020. Clayton County records indicate that G.H. was unarmed, not under the influence of drugs, and offered no resistance.

41. Shortly thereafter, G.H. was booked into the jail as a pretrial detainee pending trial on the harassing communications charges.

42. Surveillance footage from the jail shows G.H. interacting with jail personnel for more than half an hour, during which time he appeared cooperative and compliant, before Defendant HILL arrived and confronted him.

43. Immediately upon Defendant HILL's arrival, although G.H. was surrounded by law enforcement personnel, remained compliant, and never posed a threat to anyone, G.H. was strapped into a restraint chair and left there for several hours per Defendant HILL's orders.

## Count One

44. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 43 of this Indictment as if fully set forth here.

45. On or about February 25, 2020, in the Northern District of Georgia, Defendant VICTOR HILL, while acting under color of law, willfully deprived J.A. of the right, secured and protected by the Constitution and laws of the United States, not to be deprived of liberty without due process of law, which includes the right to be free from the use of unreasonable force by law enforcement officers amounting to punishment. Specifically, Defendant HILL caused J.A. to be strapped into a restraint chair for a period exceeding that

9

justified by any legitimate nonpunitive government purpose. This offense caused physical pain and resulted in bodily injury to J.A.

All in violation of Title 18, United States Code, Section 242.

### Count Two

46. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 43 of this Indictment as if fully set forth here.

47. On or about April 27, 2020, in the Northern District of Georgia, Defendant VICTOR HILL, while acting under color of law, willfully deprived C.H. of the right, secured and protected by the Constitution and laws of the United States, not to be deprived of liberty without due process of law, which includes the right to be free from the use of unreasonable force by law enforcement officers amounting to punishment. Specifically, Defendant HILL caused C.H. to be strapped into a restraint chair for a period exceeding that justified by any legitimate nonpunitive government purpose. This offense caused physical pain and resulted in bodily injury to C.H.

All in violation of Title 18, United States Code, Section 242.

### Count Three

48. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 43 of this Indictment as if fully set forth here.

49. On or about April 27, 2020, in the Northern District of Georgia, Defendant VICTOR HILL, while acting under color of law, willfully deprived J.H. of the right, secured and protected by the Constitution and laws of the United States, not to be deprived of liberty without due process of law, which includes the right to be free from the use of unreasonable force by law enforcement officers amounting to punishment. Specifically, Defendant HILL caused J.H. to be strapped into a restraint chair for a period exceeding that justified by any legitimate nonpunitive government purpose. This offense caused physical pain and resulted in bodily injury to J.H.

All in violation of Title 18, United States Code, Section 242.

## Count Four

50. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 43 of this Indictment as if fully set forth here.

51. On or about April 27, 2020, in the Northern District of Georgia, Defendant VICTOR HILL, while acting under color of law, willfully deprived G.H. of the right, secured and protected by the Constitution and laws of the United States, not to be deprived of liberty without due process of law, which includes the right to be free from the use of unreasonable force by law enforcement officers amounting to punishment. Specifically, Defendant HILL ordered G.H. to be

strapped into a restraint chair for a period exceeding that justified by any legitimate nonpunitive government purpose. This offense caused physical pain and resulted in bodily injury to G.H.

All in violation of Title 18, United States Code, Section 242.

A ___TRUE___ BILL

_____
FOREPERSON

KURT R. ERSKINE
*Acting United States Attorney*

BRENT ALAN GRAY
*Assistant United States Attorney*
Georgia Bar No. 155089

BRET R. HOBSON
*Assistant United States Attorney*
Georgia Bar No. 882520
600 U.S. Courthouse
75 Ted Turner Drive SW Atlanta,
GA 30303
404-581-6000