# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| ) | |
| v. ) | No. 1:21-CR-143-ELR-CCB |
| ) | |
| ) | |
| **VICTOR HILL,** ) | |
| ) | |
| Defendant. ) | |

## SHERIFF VICTOR HILL'S NOTICE OF SUPPLEMENTAL AUTHORITY

Sheriff Victor Hill, through his undersigned attorneys, submits this Notice of Supplemental Authority to apprise the Court of two recent United States Supreme Court decisions, *Rivas-Villegas v. Cortesluna*, 595 U.S. ____ (2021) (*per curiam*) (slip op.) (attached as Exhibit 1), and *City of Tahlequah, Okla. v. Bond*, 595 U.S. ____ (2021) (*per curiam*) (slip op.) (attached as Exhibit 2). Both cases arise under 42 U.S.C. § 1983, but all parties agree the resolution of "qualified immunity" under those civil cases is directly probative of the "fair warning" standard in criminal cases. (*See* Doc. 20 at 5, Doc. 35 at 11 n. 3.) As such, Sheriff Hill submits both *Rivas-Villegas* and *City of Tahlequah* as supplemental authority relevant to the Court's resolution of his pending Motion to Dismiss (Docs. 20, 33).

*Rivas-Villegas* is an excessive force case in which an officer placed his knee on the back of an arrestee who was not resisting and who was, at that point, subdued and compliant. *Rivas-Villegas*, 595 U.S. at ____ (slip op., at 2-3). The Ninth Circuit held that the officer was not entitled to qualified immunity, relying on a prior published circuit decision involving a knee on the back of an arrestee who was not resisting. *Id.* at 3. Acknowledging that law "clearly establishing" a right need not be directly on point, the Supreme Court reversed and held that the constitutional question must nevertheless be "beyond debate." *Id.* at 4 (quotation marks and citation omitted). Courts must consider the "specific context of the case" rather than relying on "broad general proposition[s]" of prior precedent. *Id.* (quotation marks and citation omitted). Unless the controversy involves an "obvious case," the plaintiff (or here, the Government) must identify a case that puts the defendant "on notice that his specific conduct was unlawful." *Id.* at 5.

*City of Tallequah*, decided the same day, marks a similar hesitancy by the Supreme Court to allow civil cases to proceed where the facts materially differ from precedent. There, officers shot and killed a man standing six feet away who grabbed a hammer and raised it as if to throw it at the officers after the officers backed him into a corner. *City of Tahlequah*, 595 U.S. at ____ (slip op. at 2). Citing circuit precedent establishing that officers can be held liable for objectively reasonable conduct if their reckless or deliberate actions created the situation that

2

required deadly force, the Tenth Circuit reversed a grant of qualified immunity. *Id.* at 2-3. The Supreme Court reversed, repeating its admonition to lower courts "not to define clearly established law at too high a level of generality." *Id.* at 3. The rule that pierces qualified immunity must not merely be "suggested" by precedent; its "contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* (quotation marks and citation omitted). Where excessive force is at issue, in particular, precedent must make it completely clear to any reasonable officer in this exact situation that their conduct was prohibited. *See id.* at 3-4. Qualified immunity should be granted where the "formulation of the rule is much too general to bear on whether the officers' particular conduct here violated the Fourth Amendment." *Id.* at 4.

Relevant here, these cases offer a reminder of just how exacting the Supreme Court's view on qualified immunity remains. Highly general proscriptions that bar excessive force amounting to punishment under circumstances very different than those faced by Sheriff Hill will not be sufficient even in the civil context—much less in a criminal prosecution. While the Supreme Court does not require precedent to align at all four corners with presently alleged facts, the Government must point to more than "broad general proposition[s]" in precedent and call it a day. *See Rivas-Villegas*, 595 U.S. at \_\_\_\_

(slip op., at 4). The Government has not found a single case even remotely similar to the facts faced by Sheriff Hill, and as the Supreme Court just reminded courts, no such case should proceed to a jury.

This 4th day of November, 2021.          Respectfully submitted,


By: /s/     **Lynsey M. Barron**
     Lynsey M. Barron


Drew Findling
    Ga. Bar No. 260425
Marissa Goldberg
    Ga. Bar No. 672798
THE FINDLING FIRM
3490 Piedmont Road NE, Suite 600
Atlanta, GA 30305
Telephone (404) 460-4500
Email: drew@findlinglawfirm.com
         marissa@findlinglawfirm.com


Lynsey M. Barron
    Ga. Bar No. 661005
MILLER & MARTIN PLLC
1170 Peachtree Street, N.E. Suite 800
Atlanta, Georgia 30309-7706
Telephone (404) 962-6100
Email: lynsey.barron@millermartin.com

*Attorneys for Sheriff Victor Hill*

# CERTIFICATE OF SERVICE

I hereby certify that on the below date I electronically filed the foregoing Notice of Supplemental Authority with the Clerk of Court using CM/ECF system which will automatically send email notification of such filing to the to the following attorneys of record:

>Brent Gray, AUSA
>Brett Hobson, AUSA
>U.S. Attorney's Office
>600 Courthouse
>75 Ted Turner Drive SW
>Atlanta, GA 30303

This 4th day of November, 2021

/s/    *Lynsey M. Barron*
By: Lynsey M. Barron
    Ga. Bar No. 661005

*Attorney for Sheriff Victor Hill*