# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | *   CRIMINAL ACTION NO. |
| | *   1:21-CR-143-ELR-CCB |
| VICTOR HILL, | * |
| | * |
| Defendant. | * |
| | * |

_____

# O R D E R

_____

This matter is before the Court for consideration of Magistrate Judge Christopher C. Bly's Final Report and Recommendation ("R&R") [Doc. 45]. By the instant R&R, Judge Bly recommends that the Court should deny as moot Defendant Hill's motion to dismiss the original indictment [Doc. 20]. See R&R at 34. Importantly, Judge Bly also recommends that the undersigned deny Defendant's amended motion to dismiss the first superseding

indictment and to strike surplusage [Doc. 33].[1]  See R&R at 34. Additionally, Judge Bly declares the case is Ready for Trial. See id. By and through his counsel, Defendant timely filed his objections to the R&R. [Doc. 47]. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

I. **Standard of Review**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C). The Court reviews portions of the R&R to which no objections have been made for clear error. See Thomas v. Arn, 474 U.S. 140, 154 (1985); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006). A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." See U.S. v. Schultz, 565

---

[1] Since the Judge Bly issued his R&R regarding Defendant's motion to dismiss the first superseding indictment, the grand jury issued a second superseding indictment. [Doc. 49]. Generally, "[f]iling a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment[,]" U.S. v. McKay, 30 F.3d 1418, 1420 (11th Cir. 1994), and as such, the "superseding indictment renders the original motion to dismiss moot." See U.S. v. Taylor, No. 1:18-CR-425-SCJ, 2019 WL 3891854, at *1 (N.D. Ga. Aug. 19, 2019). However, in the matter at bar, the only difference between the first and second superseding indictments is that the second superseding indictment adds two (2) additional counts for violations of 18 U.S.C. § 242 (in relation to two (2) additional pretrial detainees who were held at Clayton County Jail). [See Doc. 49 at 2–4]. Further, on April 8, 2022, "[r]ather than re-litigating the issues" entirely, Defendant filed a motion to adopt and incorporate his previous motions and arguments "as to all counts in the second superseding indictment." [See Doc. 57 at 1]. The United States did not oppose Defendant's motion. Accordingly, the Court grants Defendant's motion and deems his previous motions and arguments to be adopted and incorporated in opposition to all counts set forth by the second superseding indictment. [See id.]

F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections made to the proposed factual findings of the Magistrate Judge, there is no requirement that the district court review those findings *de novo*. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

However, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also FED. R. CRIM. P. 59(b)(3). In accordance with 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Criminal Procedure 59, the Court has conducted a *de novo* review of those portions of the R&R to which the Defendant objects and has reviewed the remainder of the R&R for clear error. See U.S. v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

**II.   Discussion**

Defendant is charged with multiple counts of violating 18 U.S.C. § 242 in connection with causing several detainees at the Clayton County Jail, on separate occasions, to be strapped into a restraint chair without any legitimate nonpunitive governmental purpose. [See Docs. 24 at 2–14; 49 at 2–17]. As Judge Bly notes in his R&R, 18 U.S.C. § 242 makes it "criminal to act (1) willfully and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States." See R&R at 8 (quoting U.S. v. Lanier, 520 U.S. 259, 264 (1997)

(internal quotation marks and footnote omitted)); see also U.S. v. Brown, 934 F.3d 1278, 1294 (11th Cir. 2019) (same).

Here, the gravamen of Defendant's motion to dismiss the operative indictment is his argument that the third element of the Section 242 test is lacking: specifically, Defendant contends that he lacked fair warning or notice that his conduct was criminal according to clearly established law. [See Docs. 20 at 1–2, 4–8; 33 at 1]. Upon consideration, Judge Bly concluded that the indictment is sufficient to survive dismissal. See R&R at 9–24. In his objections, Defendant again challenges whether the operative indictment establishes third element of 18 U.S.C. § 242, arguing that because "[t]he law does not [] provide sufficient guidance to law enforcement officers for when their use of restraint crosses the line from permissible to criminal[,] . . . due process forbids [this type] of a prosecution." [See Doc. 47 at 2].

In the R&R, Judge Bly reasons that Defendant did have fair notice that his conduct was criminal, particularly based on "a broad statement of principle within the Constitution, statute, or case law" that establishes "the right to be free from the use of unreasonable force by law enforcement officers," as charged in the indictment. See R&R at 10, 14 n.2 (citing Doc. 24 at 10–14); [see also Doc. 49 at 12–17]. In his objections, Defendant oversimplifies and somewhat misstates Judge Bly's analysis by summarizing it as: "restraint is force, force cannot be applied

4

against a detainee who has stopped resisting, therefore an unresisting detainee cannot be restrained." [See Doc. 47 at 1].

However, within this characterization, a key understanding must be included—that the restraint of a pretrial detainee must have some legitimate nonpunitive governmental purpose. See Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015) ("'[P]unishment' does not mean that proof of intent (or motive) to punish is required for a pretrial detainee to prevail on a claim . . . . [A] pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is [(1)] not rationally related to a legitimate governmental objective or [(2)] that it is excessive in relation to that purpose.") (collecting cases); see also Piazza v. Jefferson Cnty., 923 F.3d 947, 952 (11th Cir. 2019) (explaining that "a pretrial detainee has not yet been adjudicated guilty and [] may not be punished at all[,]" and thus, "if force used against a pretrial detainee is more severe than is necessary to subdue him or otherwise achieve a permissible governmental objective, it constitutes 'punishment' and is therefore unconstitutional.") (internal citations omitted). Thus, using Defendant's words, a more accurate statement of Judge Bly's analysis would be: "restraint is force, force cannot be applied against a detainee who has stopped resisting, and therefore, an unresisting detainee cannot be restrained **absent a legitimate nonpunitive governmental purpose**."

The above qualifier clearly distinguishes the conduct charged in the operative indictment from situations where restraints are used for order and safety, such as when detainees (despite remaining compliant) are handcuffed while being moved throughout a jail or while being interviewed by counsel in a courthouse visitation room—two (2) examples Defendant proffers in objecting to Judge Bly's analysis and recommendation. [See Doc. 47 at 2, 6]. However, the Eleventh Circuit has recognized that "officers may (of course) use force" for "legitimate interests" such as "preserv[ing] internal order and discipline and maintain[ing] institutional security[,]" and the Court finds the above examples to be patently distinguishable from the facts at bar. See Piazza, 923 F.3d at 953–54 (internal quotation marks omitted).

Additionally, Defendant cites Crocker v. Beatty, 995 F.3d 1232 (11th Cir. 2021), cert. denied, 142 S. Ct. 845 (2022), for the suggestion that no excessive force occurs where a compliant, unresisting arrestee is restrained but not tased, struck, pepper sprayed, kicked, or subjected to other "traditional" means of force. [See Doc. 47 at 4, 7–8]. However, Crocker reiterates the need for law enforcement to have a legitimate nonpunitive governmental purpose in restraining such an arrestee, such as

the security concerns created for an officer transporting the arrestee.[2]  See 995 F.3d at 1250 (setting forth the six (6) factors enumerated by the Supreme Court in Kingsley for assessing the reasonableness of force used on a plaintiff).

These legitimate nonpunitive governmental purposes—such as security concerns outside of a jail and maintaining order within a jail—appear to be quite different from the conduct with which Defendant is charged, where, as the Government alleges in its indictment, no such legitimate governmental purpose exists.  This of course does not mean that Defendant cannot demonstrate at trial that such a legitimate nonpunitive governmental purpose did exist, or that the Government has failed to satisfy its burden to demonstrate the absence of such a purpose.  At this juncture, however, the undersigned finds Judge Bly correctly determined that—as charged—the counts in the operative indictment fit within the Eleventh Circuit's well-defined case law precluding the use of force against a detainee who has stopped resisting, absent any legitimate nonpunitive governmental

---

[2] Additionally, the panel in Crocker discussed the Eleventh Circuit's previous analysis in Patel v. Lanier Cnty., 969 F.3d 1173 (11th Cir. 2020), to illustrate when a legitimate "need" exists to restrain an arrestee or detainee in a particular manner.  See 995 F.3d at 1251.  While addressing the defendant officer's detention of the plaintiff arrestee in a hot patrol car, the Eleventh Circuit panel explained: "What about the need?  In Patel, we noted that about half of the detention was 'not just harsh but also unnecessary' because the detainee there could have been held inside an immediately adjacent jail instead of the hot van.  []  Here, by contrast, there doesn't appear to have been another feasible place for [the officer] to detain [the plaintiff.]"  See Crocker, 995 F.3d at 1251 (citing Patel, 969 F.3d at 1184).  This legitimate "need" aspect of Crocker further distinguishes that case from the matter at hand, as Defendant does not herein argue that he lacked any other "feasible place . . . to detain" the pretrial detainees other than the restraint chair.  [See generally Doc. 47]; see also 995 F.3d at 1251.

purpose to continue such restraint. See Coffman v. Battle, 786 F. App'x 926, 929 (11th Cir. 2019) (citing Piazza, 923 F.3d at 953). Defendant's motion to dismiss the operative indictment is therefore due to be denied.³ [See Docs. 33, 57].

Judge Bly also recommends that the undersigned deny without prejudice Defendant's motion to strike surplusage related to paragraphs 46–49 of the first superseding indictment. See R&R at 23–26 (citing Doc. 33 at 2–3). Specifically, Judge Bly recommends that the motion be denied without prejudice "so that [] Defendant has the opportunity to raise the issue again at trial when the relevancy may be more clear" and the undersigned hears evidence. See id. at 26. The Court adopts this recommendation and will allow Defendant to raise this issue again in a pretrial motion, to be further discussed during the pretrial conference.

## III. Conclusion

Upon *de novo* review of those portions of the R&R to which Defendant objects and having reviewed the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct.

Accordingly, the Court **OVERRULES** Defendant's Objections [Doc. 47], and **ADOPTS** the R&R [Doc. 45] as the Opinion and Order of this Court. The Court **DENIES AS MOOT** Defendant's motion to dismiss the original indictment

---

³ Defendant has requested oral argument on his motion to dismiss the operative indictment. [See Doc. 47 at 2]. Based on the Court's ability to decide the issues here without the benefit of argument, this request is denied.

[Doc. 20] and **DENIES** Defendant's amended motion to dismiss the superseding indictment(s) and to strike surplusage [Doc. 33]. Additionally, the Court **GRANTS** Defendant's motion to adopt and incorporate his previously filed motions. [Doc. 57].

Finally, the Court **DIRECTS** Defendant to announce within thirty (30) days of the date of the issuance of this order whether he intends to enter a plea or proceed to trial. Should Defendant announce his attention to proceed to trial, the Court will, by separate notice, schedule the trial to begin September 26, 2022.

**SO ORDERED**, this 5th day of May, 2022.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia