UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:21-CR-143-ELR-CCB |
| | ) | |
| | ) | |
| VICTOR HILL, | ) | |
| | ) | |
| Defendant. | ) | |

### SHERIFF VICTOR HILL'S MOTION *IN LIMINE*

COMES NOW, the Defendant, Sheriff Victor Hill, by and through undersigned counsel and files this Motion *in Limine* in the above-styled case and asks the Court to exclude the following evidence at trial:

### LEGAL STANDARD

Evidence is generally admissible if it is relevant, that is, "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401, 402. But where the probative nature of even relevant evidence is outweighed by the risk of unfair prejudice, confusion of the issues, or misleading the jury, the Court may exclude it. Fed. R. Evid. 403. This Court enjoys "broad

discretion to determine the relevance and admissibility of any given piece of evidence." *United States v. Merrill*, 513 F.3d 1293, 1301 (11th Cir. 2008).

## CHALLENGED EVIDENCE

The government began investigating Sheriff Hill in 2020. From a review of the discovery provided by the government, federal agents made attempts to "dig up" information related to a sweeping breadth of conjectures; however, when it came time to indict, the government made the decision to limit the charges to seven allegations of similar conduct involving Sheriff Hill's decision to utilize a restraint chair in the jail. Nonetheless, Sheriff Hill believes the government may intend to introduce some or all of the uncharged allegations described below at trial. He asks that this Court rule that any mention of, or reference to, the following issues be strictly prohibited either through documentary evidence, witness testimony, or argument of counsel.

Sheriff Hill has not received notice from the government of any evidence subject to Federal Rule of Evidence 404(b), and he reserves the right to challenge any such evidence if the government offers the required notice.

1. **Other Uses of Force That Have Allegedly Occurred in the Clayton County Jail (the "Jail"):**

Some witnesses may attempt to describe other uses of force that have allegedly occurred in the Jail by employees of the Clayton County Sheriff's Office. As it is irrelevant as to whether or not the civil rights of seven specific

inmates were violated on the specific occasions listed in the indictment, the government should be precluded from offering evidence of *any alleged* bad act committed by other employees of the Clayton County Sheriff's Office not directly related to the incidents described in the indictment. This evidence would be offered solely for the purpose of suggesting that the jury impute such wrongful conduct to Sheriff Hill and to paint a negative picture of conditions inside the jail—it is not probative of any of the conduct the government has charged in this case and should be excluded under Federal Rule of Evidence 403.

### 2. Other Evidence of the Conditions and Procedures of Confinement at the Jail:

While Sheriff Hill certainly maintains that the conditions of the jail are not only sufficient, but that they are structured in such a manner that the control and safety of the inmates and staff is the central focus of all policies; the government may attempt to offer evidence of other otherwise legal conditions/procedures related to that control that are otherwise irrelevant to the trial at hand. Specifically, the government should be precluded from mentioning:

- the use of strip searches and/or paper gowns and inmates being placed on suicide watch at the jail;
- the decision for mental health placement of inmates and any conditions associated with that decision;

3

- the access of inmates to medical/health care and the quality of the care provided;

- the access of inmates to legal research or the law library;

- the Jail's use of a meal substitute known as "nutraloaf" or "veg-loaf;"

- the physical conditions or quality of the conditions of the jail itself;

- the way that the deputies are uniformed and/or the type or nature of equipment utilized by the Clayton County Sheriff's Department (i.e. their vehicles, firearms, bulletproof vests);

- the conditions at the Jail related to Covid-19; and

- the investigative techniques or procedures of particular units with the Sheriff's Department and the decisions to utilize a particular unit and or techniques for a particular investigation.

All of the above, albeit most of which are legal and commonly used methods of control by jail facilities, may be described in such a derogatory way by witnesses in an effort to inflame the jury and have nothing at all to do with allegations that Sheriff Hill placed the seven inmates in the indictment into a restraint chair in violation of their constitutional rights. As with allegations of uses of force, this evidence would only be offered to distract and prejudice the jury so that it judges Sheriff Hill by something other than the facts surrounding

his use of the restraint chair. This evidence, too, should be excluded under Federal Rule of Evidence 403.

### 3. Any Lawsuit, Suspension, or Other Indictment Involving Sheriff Hill:

Sheriff Hill has had previous criminal cases against him. Both cases occurred many years ago and they involve completely unrelated and acquitted conduct. In addition, Sheriff Hill is the target of numerous civil lawsuits that have nothing to do with his use of restraint chairs and are common to any high-level law enforcement officer. Indeed, rare is the civil lawsuit challenging law enforcement conduct that does *not* include name the sheriff or chief law enforcement officer as a defendant. Finally, Governor Brian Kemp suspended Sheriff Hill from office while this case is pending, and the government may attempt to mention that administrative case. The government should be precluded from mentioning any case against Sheriff Hill because they are not relevant here and pose a high risk of prejudicing the jury in violation of Federal Rules of Evidence 401 and 403.

### 4. Retaliation Against Employees:

Sheriff Hill anticipates that some of the government's witnesses are former employees of the Clayton County Sheriff's Office who left on unfavorable terms. He expects that they may attempt to testify that Sheriff Hill fostered an environment of retaliation and that he fired employees who raised concerns.

5

Some witnesses may attempt to testify to Sheriff Hill's reaction upon learning that employees were speaking with the federal government as part of this investigation. And other witnesses may try to allege that Sheriff Hill engaged in inappropriate behavior, including personal relationships, with employees.

Those allegations are mostly false and/or highly exaggerated, this is not an employment action, and Sheriff Hill is not on trial for alleged conduct involving his employees. This evidence would be highly prejudicial and offers no probative value to alleged civil rights violations in violation of Federal Rules of Evidence 401 and 403.

5. **Obstructing the Investigation:**

The government may attempt to insinuate that the Clayton County Sheriff's Department engaged in some sort of effort to hide evidence or not cooperate with government investigators. The government has not charged witness or document tampering, or any other charge related to the obstruction of justice, and it should not be allowed to imply criminal acts that it is not prepared to prove beyond a reasonable doubt. This would clearly violate Federal Rules of Evidence 401 and 403.

### 6. **The Strength or the Legality of the Arrests or Criminal Cases Against any of the Inmates:**

The government may attempt to offer evidence in such a way to raise doubt as to the legality of the arrests on the underlying offenses against the seven inmates listed in the indictment. As all the alleged victims in this matter (and some still are) inmates in the Clayton County Jail, they all had (and have) pending criminal cases for which they were placed under arrest and subsequently housed in the Jail. Trying to place doubt on the propriety or legality of the underlying arrests would implicate some vast conspiracy among law enforcement, magistrates, judges, and prosecutors in Clayton County which certainly has no basis in fact and would be clearly improper for the government to infer. This would be irrelevant under Federal Rule of Evidence 401 and unduly prejudicial under 403.

### 7. **Any Improper Personal/Character Evidence of Sheriff Hill:**

The government may attempt to offer evidence of a more personal nature against Sheriff Hill. Specifically, they may attempt to make reference to his interest in the character Batman and its associated symbols and derive some meaning therefrom. This would clearly be improper and nonprobative. They may also try to offer evidence surrounding who he associates with in his personal capacity (both romantic and platonic) and derive some meaning therefrom. This would also

be clearly improper and nonprobative to the issues at hand in violation of Federal Rule of Evidence 404.

WHEREFORE, defendant Sheriff Victor Hill respectfully requests that this Court grant his Motion *in Limine* and exclude irrelevant and unfairly prejudicial evidence from the trial in this case.

This 10th day of August, 2022.         Respectfully submitted by,

*/s/ Marissa Goldberg*
Marissa Goldberg

*/s/ Drew Findling*
Drew Findling

*/s/  Lynsey M. Barron*
Lynsey M. Barron


Drew Findling
 Ga. Bar No. 260426
Marissa Goldberg
 Ga. Bar No. 672798
THE FINDLING FIRM
3490 Piedmont Road NE, Suite 600
Atlanta, GA 30305
Telephone (404) 460-4500
Email: drew@findlinglawfirm.com
  marissa@findlinglawfirm.com

Lynsey M. Barron
 Ga. Bar No. 661005
BARRON LAW LLC
3104 Briarcliff Rd.
P.O. Box 29964
Atlanta, GA 30359
Telephone: (404) 276-3261
Email: lynsey@barron.law

*Attorneys for Sheriff Victor Hill*

**CERTIFICATE OF SERVICE**

I hereby certify that on the below date I electronically filed the foregoing Motion *in Limine* with the Clerk of Court using CM/ECF system which will automatically send email notification of such filing to the to the following attorneys of record:

>Brent Gray, AUSA
>Brett Hobson, AUSA
>U.S. Attorney's Office
>600 Courthouse
>75 Ted Turner Drive SW
>Atlanta, GA 30303

This 10th day of August, 2022.

>*/s/ Marissa Goldberg*
>Marissa Goldberg
>*Attorney for Sheriff Victor Hill*