UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| v. | ) | No. 1:21-CR-143-ELR-CCB |
| | ) | |
| **VICTOR HILL,** | ) | |
| Defendant. | ) | |

**SHERIFF VICTOR HILL'S RESPONSE TO
THE GOVERNMENT'S MOTION IN LIMINE**

Sheriff Victor Hill has a constitutional right to present evidence that is material and favorable to his defense and that calls into doubt whether the government can prove each element of the charged crime beyond a reasonable doubt. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *see also Chambers v. Mississippi*, 410 U.S. 284 (1973); *Pittman v. Secretary, Fla. Dep't of Corrections*, 871 F.3d 1231, 1246 (11th Cir. 2017). While that evidence must comply with rules designed to ensure the fairness and reliability of the jury's verdict, "where those rules are 'arbitrary or disproportionate to the purposes they are designed to serve, they must fall to the accused's right to present a defense." *Pittman*, 871 F.3d at 1246 (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

The government seeks to prevent Sheriff Hill from presenting nine (9) broad categories of evidence and argument it characterizes broadly as "jury nullification," including:

1. Insinuations that

    a) The government pursued this prosecution for an improper purpose including a political or malicious motive;

    b) This is a novel theory of prosecution;

    c) Sheriff Hill's alleged misconduct is minor compared to other law enforcement officer misconduct; or

    d) The government could have addressed Sheriff Hill's conduct through means other than a criminal prosecution;

2. Implications that Sheriff Hill's good acts, accolades, and accomplishments excuse his alleged conduct;

3. Suggestions that Sheriff Hill's suspension from office has negatively impacted the community or that his conviction would do so;

4. Suggestions that the victims' past or subsequent misconduct or bad acts justify Sheriff Hill's alleged treatment of them;

5. Suggestions that unrelated incidents of violence in the jail justify Sheriff Hill's practices; and

6. Arguments that Sheriff Hill's suspension from office would satisfy the need for justice.

(Dkt. 65 at 16.)

The government argues that each of the above categories would be irrelevant to whether the alleged victims were deprived of their right to be free from excessive force and whether Sheriff Hill acted willfully under Federal Rule of Evidence 401. The government also argues that the "sole purpose of Hill's anticipated arguments and evidence would be to mislead the jury, confuse the issues, and suggest the jury improperly decide this case on an emotional basis." (Dkt. 65 at 13). Rather than addressing each of these areas individually and with any specificity, the government simply groups them together and argues none of them are relevant and all of them are prejudicial. This failure by the government to argue with particularity should be fatal at the outset.

In reality and contrary to the blanket government assertion above, the aforementioned categories are central to Sheriff Hill's defense as they are directly probative of two elements of the charged offense—whether his use of a restraint chair served a legitimate law enforcement purpose and whether he acted with specific intent to deprive the alleged victims of their constitutional rights. This Court should deny the government's motion to the extent it seeks to hamstring Sheriff Hill's right to present evidence in his defense.

## ARGUMENT

The Government alleges that Sheriff Hill willfully deprived detainees at the Clayton County Jail of "the right to be free from the use of unreasonable force by

law enforcement officers amounting to punishment," in violation of 18 U.S.C. § 242. (Dkt. 49.) Section 242 is a specific intent crime, meaning that the government must prove Sheriff Hill acted specifically for the purpose of doing something the law forbids. *See Screws v. United States*, 325 U.S. 91, 104 (1945); *United States v. House*, 684 F.3d 1173, 1199-1200 (11th Cir. 2012). And yet the government seeks to prevent Sheriff Hill from presenting evidence that probes whether he acted for the purpose of depriving the alleged victims of their constitutional rights and whether he believed there was a legitimate law enforcement objective in his use of the restraint chair.

I. **Sheriff Hill Should Be Permitted to Present Evidence and Argument that He Believed His Use of the Restraint Chair was Necessary to Maintain Order in the Jail.**

Where, as here, an indictment alleges that the defendant law enforcement officer used excessive force against pretrial detainees amounting to punishment, the government must prove that the defendant's conduct was objectively unreasonable and that he knew it was forbidden by law. *See Crocker v. Beatty*, 995 F.3d 1232, 1249 (11th Cir. 2021).

The government seeks to get out of the specific intent requirement by arguing that the Court already "found" that Sheriff Hill had fair warning that his use of the restraint chair violated the alleged victims' rights. (Dkt. 65 at 10.) But the government confuses the posture of this Court's ruling. The Court, in denying

Sheriff Hill's motion to dismiss the indictment, was not making factual findings about anything Sheriff Hill specifically knew—nor could it at the motion to dismiss stage. The Court was ruling on whether Sheriff Hill was immune from prosecution on Due Process grounds as a matter of law, not finding as a matter of fact that Sheriff Hill knew his conduct was illegal. That remains an element the government must prove to a jury beyond a reasonable doubt.

The absence of other prosecutions or even significant civil cases for restraint alone gets directly to whether he specifically knew that he was violating the law. Physical restraint is allowed and often required to maintain order and security in a jail, and restraint chairs are one of many lawful tools used by officers. The fact that no law enforcement officer has ever been prosecuted for mere restraint— regardless of their motive—is probative of what Sheriff Hill should have known that in restraining unresisting detainees, he was committing a federal crime.

Jails are chaotic, violent places, and Sheriff Hill had ultimate responsibility for ensuring the safety of both his staff and those incarcerated within the jail. As Sheriff, he had to make constant decisions regarding procedures and tactics, both as general measures within the jail and on a day-to-day basis. *See Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979) (noting jail administrators are owed "wide-ranging deference in the adoption and execution of policies and practices that in [administrators'] judgment are needed to preserve internal order and discipline

and to maintain institutional security") (alteration added)). Sheriff Hill should therefore be allowed to present evidence of the impact his tactics, including the restraint chair, had on maintaining the legitimate pursuit of law and order.

He should also be allowed to present evidence contrasting his conduct with other conduct that has been held to be criminal because—again—the government has to prove beyond a reasonable doubt that his use of the restraint chair in this way was something any reasonable officer would have known was unconstitutional. Unlike officers who use their knees to cut of oxygen flow to an arrestee, or who repeatedly tase inmates who are lying prone on the ground, or who restrain and then physically torture inmates, the jury could well believe that putting an inmate in a chair withing nothing more is something Sheriff Hill may not have known was unconstitutional.

Finally, what the government calls "unrelated events that preceded or post-dated Hill's uses of force" (Dkt. 65 at 9) are probative of whether Sheriff Hill believed that there was need to use aggressive techniques to maintain an environment of control. The government wants the jury to evaluate the seven alleged incidents in a vacuum based solely on what Sheriff Hill knew about those individuals in that moment. But that belies the reality in which Sheriff Hill ran his jail, where sometimes restraint is necessary as a preventive measure and not just a reactive one. Sheriff Hill should be allowed to present evidence and argument that

6

he and other officers at the jail used the restraint chair broadly as a means of general deterrence and not just as a response to actions the alleged victims took in the moment.

## II. Sheriff Hill Should Be Allowed to Present Evidence of the Alleged Victims' Prior Conduct to the Extent it Informed His Assessment of Their Threat Level.

Sheriff Hill does not intend to introduce acts committed by the alleged victims to impugn their character and prejudice the jury. However, to the extent the alleged victims were known entities to Sheriff Hill and his staff and their prior conduct is relevant to their risk of violence or flight, he should be able to present that evidence to the jury. For example, alleged victim J.H., who is the subject of Count Five of the indictment, had a history of malingering in an attempt to escape from custody. Sheriff Hill should be allowed to explain to the jury why he might have considered J.H. a flight risk and why the restraint chair was warranted in his view.

To the extent the Court is concerned that the jury could not distinguish the permissible use of this evidence, a limiting instruction might be appropriate to obviate the risk of prejudice.

### III. Sheriff Hill Should be Allowed to Present Evidence of Bias, Motive, and Good or Bad Character as is Permitted Under the Federal Rules of Evidence.

The government attempts to preemptively prevent Sheriff Hill from offering evidence that is otherwise clearly permitted under the Federal Rules of Evidence. If a witness testifies who has a particular bias towards the Sheriff based on a political or otherwise personal motive or interest, that is certainly proper under the Federal Rules of Evidence. *See U.S. v. Abel*, 469 U.S. 45 (1984). Similarly, if the good or bad character of a witness is appropriate and allowable under the Rules, the Sheriff should not be prevented from offering legitimate and probative evidence. The good character and/or good acts of Sheriff Hill should be allowed at such time if they are appropriate and relevant to the proceedings.

### Conclusion

The government has not even attempted to make a particularized argument as to why any of the above should not be admissible and for that reason alone, the government's motion should be denied in its entirety. Additionally, the government should not be permitted to attempt narrow the issues to avoid their obligation to show knowledge and willfulness which is required under the statute for which they have chosen to prosecute Sheriff Hill. For those reasons, Sheriff Hill respectfully requests that the Court deny the government's Motion in Limine.

This 30th day of August, 2022.

          Respectfully submitted,

          /s/ *Marissa Goldberg*
          Marissa Goldberg

          /s/ *Drew Findling*
          Drew Findling

          /s/ *Lynsey M. Barron*
          Lynsey M. Barron


          Drew Findling
             Ga. Bar No. 260426
          Marissa Goldberg
             Ga. Bar No. 672798
          The Findling Firm
          3490 Piedmont Road NE, Suite 600
          Atlanta, GA 30305
          Telephone (404) 460-4500
          Email: drew@findlinglawfirm.com
                  marissa@findlinglawfirm.com


          Lynsey M. Barron
             Ga. Bar No. 661005
          BARRON LAW LLC
          3104 Briarcliff Rd.
          P.O. Box 29964
          Atlanta, GA 30359
          Telephone: (404) 276-3261
          Email: lynsey@barron.law

          ***Attorneys for Sheriff Victor Hill***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the below date I electronically filed the foregoing Motion to Dismiss the Indictment with the Clerk of Court using CM/ECF system which will automatically send email notification of such filing to the to the following attorneys of record:

>Brent Gray, AUSA
>Bret Hobson, AUSA
>U.S. Attorney's Office
>600 Courthouse
>75 Ted Turner Drive SW
>Atlanta, GA 30303

This 30th day of August, 2022.

>/s/ Marissa Goldberg
>By: Marissa Goldberg
>    Ga. Bar No. 672798

>*Attorney for Sheriff Victor Hill*