UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | No. 1:21-CR-143-ELR-CCB |
| | ) | |
| VICTOR HILL, | ) | |
| | ) | |
| Defendant. | ) | |

**SHERIFF VICTOR HILL'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION *IN LIMINE***

COMES NOW, the Defendant, Sheriff Victor Hill, by and through undersigned counsel and files this his Reply to the Government's Response to his Motion *in Limine* in the above-styled case.

I. **The Government Seeks to Have this Court Deny the Defendant's Motion and Admit Certain Evidence on the Same Basis it Seeks to Exclude Evidence in their Own Motion in Limine.**

The crux of the government's response to Sheriff Hill's Motion in Limine is that certain "outside the indictment" evidence such as other policies and/or procedures at the jail, the structure of different units within the Sheriff's Department, and how employees were managed or disciplined are all relevant to determine the element of "willfulness" that is required under 18 U.S.C. § 242.

(See, for example, Doc. 70, page 8-9). The government argues this expanded view of admissible evidence such that the jury should consider the actions of the Sheriff's office prior to and subsequent to the alleged uses of force is appropriate only if it is the government that seeks to introduce this evidence and simultaneously argues against it in their own motion in limine. They seek to exclude evidence of the complaining witnesses' prior acts of violence and other acts of violence within the jail (Doc. 65, page 9) with the understanding that those facts directly cut against the "willfulness" and the "objective reasonableness" requirements. The government cannot "have its cake and eat it too" here. If the government wants to open up the trial to behavior outside the parameters of the indictment to explain the purpose of particular actions, they need to concede that this expanded view must also include alternative reasons for those actions such as the control and safety of the Clayton County Jail, why particular inmates were deemed to be a threat based on a totality of the circumstances (reasonableness), and how those measures were used and effective in controlling and preventing crime and promoting safety within the Jail which is one of the direct mandates of the Sheriff.

    The government somehow simultaneously argues that the arrestees prior acts are inadmissible (Doc 65, page 9) and that unrelated incidents of violence at the jail are inadmissible (Doc 65, page 9), but that the "conditions and procedures

of confinement at the jail" are relevant (Doc 70, page 8), that "how deputies are uniformed, trained, equipped, and deployed" would be relevant, and that Sheriff Hill's interest in Batman is relevant (Doc 70, page 15). The argument made by the Government is because these are all intertwined with his leadership at the Clayton County Jail they are relevant, and yet his knowledge of other incidents of violence at the jail, which he has to track and be aware of to fulfill the important Sheriff's function of maintaining safety in the jail, is not. How deputies are uniformed, trained, equipped, and deployed are policy/administrative decisions which are not relevant to willfulness at all.

There is an obvious difference between commentary on the conditions and procedures of the jail, which Sheriff Hill has sought to exclude, and the example given by the government in their response, that there were uniformed, trained, and equipped deputies present with Sheriff Hill when he interacted with the arrestees for safety and protection. As to the use of the fugitive squad, the government has made no overt allegation that there was anything improper about utilizing the fugitive squad to arrest a fugitive who had previously made threats against two different law enforcement officers and was evading arrest after being informed of a warrant. They are just hoping that making unsupported

3

and uncharged claims[1] that infer impropriety will taint the jury into believing the general bad character of Sheriff Hill which is clearly inadmissible under F.R.E. 404. This again creates a potential for another trial within a trial – whether the use of the fugitive squad was proper in this situation. The issue is distracting to the jury, confuses the issues, and would be highly prejudicial.

The government would ask this Court to confine Sheriff Hill's defense to such a degree that he would have to ignore everything he knew about the arrestees prior to the date in question and ignore every bit of experience he had with violence and control in the Clayton County Jail. This is directly contrary to the objective reasonableness standard which includes "what the officer knew at the time." Kingsley, v. Hendrickson, 576 U.S. 389 (2015).

The government continues to cite Piazza v. Jefferson City., Ala., 923 F.3d 947 (11th Cir. 2019) in their assertion that the only permissible inquiry into reasonableness of the action is limited in time and scope into right before the decision to utilize a particular action, "[o]nce a prisoner has stopped resisting there is no longer a need for force, so the use of force thereafter is disproportionate to the need." Id. at 953. (Doc. 70, page 4).  This inquiry is

---

[1] The government has not charged Sheriff Hill with any violation of civil rights related to the wrongful arrest of any of the complaining witnesses. The government is aware that there would be no basis for doing so as they were all well supported and documented arrests by mostly other law enforcement agencies. As in the particular case involving the CCSO's fugitive squad, the government could never support such a claim as all proper procedures were followed in obtaining the arrest warrant in question and it was signed off on by a neutral and detached Magistrate Judge in Clayton County after being given sworn testimony from another deputy who consulted the evidence and the relevant statute.

4

misplaced into allegations of the need for restraint as opposed to active force. Restraint is clearly permissible even in the case of inmates who are not actively resisting if other factors are present, and the restraint is not punitive in nature. To the contrary, Piazza specifically cites the permissibility of reasonable force in the proactive context, "force in the pretrial detainee context may be defensive or *preventative*…" Id. at 953 (emphasis added). Utilizing this improper and constricted framework is an attempt by the government to limit otherwise admissible evidence by the defense by narrowing the focus for the defense *only* while attempting to convince this Court that they should be allowed to introduce a wide breadth of evidence they believe is favorable to their cause.

## II.   Evidence of the Actions of Others Cannot Be Attributed to the Sheriff and Used to Prove Willful Intent.

Similar to the above argument, the government wants to try this case as if they have alleged a conspiracy and impute the actions and intentions of others to the Sheriff without actually having to allege a conspiracy. Specifically, the government seeks to admit evidence of "missing documents" in response to subpoenas with the argument that this "supports the inference that Hill acted willfully." (Doc. 70, page 12). The government fails to mention that the subpoenas were not issued to Sheriff Hill; they were issued to the Clayton

County Sheriff's Office (hereinafter referred to as the "CCSO") and there is no evidence that Sheriff Hill was responsible for subpoena compliance. The allegation that the CCSO "engaged in an effort" is completely without merit and inappropriate evidence if attempted to be presented against the Sheriff who is individually accused in this indictment.

The Government similarly attempts to impute the actions and intents of others employed by the CCSO to Sheriff Hill in its argument regarding paper gowns, mental health assessments, suicide watch, and meal substitutes. The allegation that Sheriff Hill "ordered such procedures" is generally unsupported by the evidence and is more often the conduct of other deputies and health professionals for which the government wants to make Sheriff Hill universally responsible. This is clearly impermissible and should be excluded by this Court.

### III. Any Allegation of Retaliation Against Employees is Factually Unsupported and Would be too Attenuated and Prejudicial.

The government relies on United States v. Brown, 934 F.3d 1278 (11th Cir. 2019) in their response to this issue (Doc. 70, page 12), however, this matter is clearly distinguishable from the facts in that case. First, the alleged discipline or retaliation against employees relies entirely on speculation about a causal link to the investigation and subsequent indictment here. Second, this would have

allegedly happened, in some instances, a substantial time (months and even years) after the arrestees were placed in the restraint chair, in stark contrast to the subsequent conduct found permissible in <u>Brown</u> which occurred mere hours after the alleged use of force. Third, this kind of speculative evidence would then open the door for Sheriff Hill to rebut by providing testimony and documentation as to the legitimate reasons for disciplinary action against current or former employees (which were all well-documented by internal affairs), which would not only be distracting for the jury but would again create a separate trial within the trial of otherwise irrelevant evidence to refute irrelevant allegations.

WHEREFORE, defendant Sheriff Victor Hill respectfully requests that this Court grant his Motion *in Limine* and exclude irrelevant and unfairly prejudicial evidence from the trial in this case.

This 13th day of September, 2022.

                    Respectfully submitted by,

*/s/ Marissa Goldberg*

Marissa Goldberg

*/s/ Drew Findling*

Drew Findling

*/s/  Lynsey M. Barron*

Lynsey M. Barron


Drew Findling
    Ga. Bar No. 260426
Marissa Goldberg
    Ga. Bar No. 672798
THE FINDLING FIRM
3490 Piedmont Road NE, Suite 600
Atlanta, GA 30305
Telephone (404) 460-4500
Email: drew@findlinglawfirm.com
      marissa@findlinglawfirm.com

Lynsey M. Barron
    Ga. Bar No. 661005
BARRON LAW LLC
3104 Briarcliff Rd.
P.O. Box 29964
Atlanta, GA 30359
Telephone: (404) 276-3261
Email: lynsey@barron.law

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on the below date I electronically filed the foregoing Defendant Sheriff Victor Hill's Reply to the Government's Response to His Motion *in Limine* with the Clerk of Court using CM/ECF system which will automatically send email notification of such filing to the to the following attorneys of record:

>Brent Gray, AUSA
>Brett Hobson, AUSA
>U.S. Attorney's Office
>600 Courthouse
>75 Ted Turner Drive SW
>Atlanta, GA 30303

This 13th day of September, 2022.

*/s/ Marissa Goldberg*

Marissa Goldberg

*Attorney for Sheriff Victor Hill*