# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Indictment |
| | * | |
| VICTOR HILL, | * | 1:21-CR-00143-ELR |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER ON TRIAL MATTERS

This case is scheduled to be tried before this Court on Wednesday, October 12, 2022. Attorneys are to report to court by 9:00 a.m. Wednesday morning, and each morning thereafter, unless otherwise stated by the Court, for the duration of the trial. By Thursday, October 6, 2022, the following are to be submitted to the Court:

a) Any objections or proposed additions to the Court's preliminary jury instructions (to be given at the beginning of voir dire); provided to the Parties at the pre-trial conference and attached as Exhibit 1;

b) Proposed condensed Indictment to be read to the Jury panel at the beginning of voir dire; and

c) Completed Qualifying Questions to be filled in from the Court's Qualifying Questions; provided to the Parties at the pre-trial conference and attached as Exhibit 2.

Jury Charges

Parties are directed to submit any non-pattern charges in Word by emailing them to michelle_beck@gand.uscourts.gov by Thursday, October 6, 2022.

Voir Dire Questions

The Court will have prospective jurors complete the jointly submitted Juror Questionnaire, then email copies to the attorneys by Friday, October 7, 2022.

Rulings on Motions in Limine

As a preliminary matter, should either Party think a door has been opened to allow introduction of evidence that goes against the Court's rulings herein, the Party seeking to introduce such evidence is directed to request leave of Court.

After careful consideration, the Court makes the following rulings on Government's Motions in Limine [Doc. 65]:

1) Motion to preclude evidence and arguments regarding Government's motivations for prosecuting Defendant, comparisons to other law enforcement officer misconduct, and alternatives available to prosecuting Defendant is **GRANTED**.

2) Motion to preclude evidence and arguments regarding Defendant's good acts and accolades is **GRANTED IN PART** to the extent that such evidence and arguments go beyond general background information, **AND DENIED IN PART**.

3) Motion to preclude suggestions or arguments that Defendant's suspension has negatively impacted the community is **GRANTED**.

4) Motion to preclude evidence or arguments regarding prior or subsequent conduct of the detainees in the Indictment is **GRANTED IN PART** to the extent that such evidence and arguments go beyond the circumstances that

2

led to each detainee's arrival at the Clayton County Jail where the alleged incidents in the Indictment occurred, or any other prior conduct by the detainees related to the Clayton County Jail, **AND DENIED IN PART**.

5) Motion to preclude evidence or arguments regarding unrelated incidents of violence in the Clayton County Jail is **GRANTED IN PART** to the extent that such evidence and arguments go beyond descriptions of the scene where the alleged incidents in the Indictment occurred, and descriptions of the general process and environment of detainee intake, **AND DENIED IN PART**.

6) Motion to preclude arguments regarding Defendant's suspension as a sufficient punishment is **GRANTED**.

Similarly, after careful consideration, the Court makes the following rulings on Defendant's Motions in Limine [Doc. 66]:

1) Motion to preclude evidence or arguments of alleged conduct and uses of force in the Clayton County Jail unrelated to the incidents alleged in the Indictment is **GRANTED**.

2) Motion to preclude evidence or arguments regarding the general conditions and procedures of confinement in the Clayton County Jail and the manner in which deputies were armed or equipped is **GRANTED** to the extent that such evidence and arguments go beyond what any of the detainees in the Indictment allegedly experienced and the process of detainee intake.

3) Motion to preclude evidence of past lawsuits directed at Defendant, past Indictments charging Defendant, and Defendant's suspension by the Governor is **GRANTED** without objection.

4) Motion to preclude evidence or arguments of alleged incidents of retaliation against Clayton County Jail employees by Defendant or any employee's motivation for acting as it relates to Defendant is **GRANTED** to the extent that such evidence and arguments go beyond an employee's direct experience with Defendant.

5) Motion to preclude arguments characterizing Defendant's actions as obstructive is **GRANTED**.

6) Motion to preclude arguments regarding the validity or propriety of the arrests of each of the detainees in the Indictment is **GRANTED**.

7) Motion to preclude evidence and arguments regarding Defendant's interest in Batman is **GRANTED** to the extent that such evidence and arguments go beyond what any of the detainees in the Indictment allegedly experienced.

8) Motion to preclude evidence and arguments relating to Defendant's relationship with an alleged girlfriend is **GRANTED** to the extent discussed at the pre-trial conference.

Rulings on Other Motions

1) Joint Motion to Use a Jury Questionnaire [Doc. 69] is **GRANTED**.

Verdict Form

The Court will use the Parties' jointly submitted verdict form, which is attached as Exhibit 4.

Rulings Related to *Jencks* Materials

The Government has represented that it understands and will comply with its duty to provide *Jencks* materials to Defendant.

Number of Jurors

The Court will qualify thirty-two (32) jurors, seat twelve (12) jurors, and use two (2) alternate jurors. Jury selection will occur in Judge Ross' Courtroom 1708.

Equipment Order

The Parties are reminded to provide names to Ms. Beck of those individuals requiring an equipment order as soon as possible.

CONCLUSION

Accordingly, Government's Motion in Limine [Doc. 65] is **GRANTED IN PART AND DENIED IN PART**, Defendant's Motion in Limine [Doc. 66] is **GRANTED**, and the Joint Motion to Use a Jury Questionnaire [Doc. 69] is **GRANTED**.

**SO ORDERED**, this 30th day of September, 2022.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

# Court's Preliminary Instructions to the Jury

## Preliminary Instructions to Jury

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial. Before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will instruct— that is, explain—to you the rules of law that you must follow and apply in making your decision.  You must follow the law as I explain it to you even if you do not agree with the law.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

## Evidence – 2 types.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of any eyewitness. Circumstantial evidence is proof of facts from which you may infer or

1

conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence. It will be up to you to decide which witnesses to believe, which witnesses not to believe, if there are some you do not believe, and how much of any witness's testimony to accept or reject, if there is some you do reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

## **Burden of Proof**

The defendant is presumed innocent unless and until proven guilty. The indictment against the defendant brought by the Government is only an accusation, nothing more. It is not proof of guilt or anything else. The Defendant therefore starts out with a clean slate.

In a criminal case such as this, the Government has the burden of proving its case.  The Government must prove this case beyond a reasonable doubt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the

evidence in the case. Additionally, reasonable doubt can be based on a lack of evidence.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.

The Government must prove this case beyond a reasonable doubt. It doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

The burden of proof is on the Government until the very end of the case. The Defendant has no burden to prove [his/her] innocence or to present any evidence, or to testify. Since the Defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a Defendant's choice not to testify. It is not evidence.

At the end of this trial, I will give you further instruction on this standard.

**<u>Notetaking-Permitted.</u>** You may take notes during the trial, but you are not required to do so. It is up to each of you to decide if you

want to take notes.  Each of you has been provided with a pad and pen or pencil for your use as you choose.  <u>The notepads are to remain in the courtroom during breaks and are to be taken out only at the point when deliberations begin.</u>

If you decide to take notes, be careful not to get so involved in notetaking that you become distracted from what is going on before you in the trial. Your notes should be used only as aids to your memory. If your memory later differs from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was, and not be unduly influenced by the notes taken by other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror concerning the testimony or evidence presented at trial.

**<u>Transcripts Not Available.</u>** You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning the testimony presented to you. Although, as you can see, the court reporter is making stenographic notes recording

4

everything that is said, typewritten transcripts will not be prepared in time for your use during your deliberations and you should not expect to receive them.

**Exhibits Will be Available.** Any exhibits admitted in evidence during the trial will be available to you for you to examine during your deliberations. So, if an exhibit is received in evidence, but not fully read or shown to you at the time, don't be concerned because you will get to see and study it during your deliberations.

**Keep an Open Mind**

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions - - that is explanations - - to you concerning the applicable law.

**No early deliberations**

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide this case only on the basis of the testimony and evidence presented, you must not discuss this case

among yourselves or with anyone else, while the trial is ongoing. You also should not permit anyone to discuss it in your presence.

### Objections

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinion on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

### Sidebars

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but please remember the importance of the matter you are here

to determine and be patient even though the case may at times experience these conference delays or the case seems to be going slowly.

### "Roadmap" of Trial

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to make what we call "opening statements" to you. The Government will then go forward with the calling of witnesses and presentation of evidence during what we call the Government's "case in chief." When the Government finishes (by announcing the Government "rests"), the Defendant will have the opportunity to proceed with witnesses and evidence, after which, within certain limitations, the Government may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Government begins the case and may present rebuttal evidence at the end, because the law places the burden of proof upon the Government. I will further explain this burden as a part of my instructions before you begin your deliberations.

When the evidence portion of the trial is completed, the lawyers will then be given the opportunity to address you and make their

summations or final arguments in the case. After those are completed I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

### **Opening Statement – which is not evidence**

So, we will now proceed to opening statements by the lawyers for each side. It is their opportunity to make statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show. I caution you that what the lawyers say during this trial is not evidence; nor is what I do or say to be considered evidence. The statements that the lawyers make now (as well as the arguments they present at the end of the trial) are intended to help you understand the issues and the evidence the parties expect will be presented, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

****INVOKE RULE AFTER OPENING STATEMENTS.***

# QUALIFYING QUESTIONS
## (Criminal Cases)

1. Does any member of the panel know the United States Attorney Ryan Buchanan?

2. Does any member of the panel know the prosecutor(s) assigned to this case, Assistant United States Attorney(s) [                                                   ]?

3. Does any member of the panel know any employee of, or has any member of the panel or your immediate family worked for the United States Attorney's Office in the Northern District of Georgia?

4. Does anyone think you know, or is anyone related by blood or marriage to the defendant, [                              ]?

5. Does any member of the panel know the defendant's attorney, [           ]?

6. Does anyone believe you know anything about this case or that you have heard anything about this case before coming to court today?

7. If you are selected to sit on this case, you will be directed to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict. Does anyone feel you will not be able to do that?

8. Is anyone a citizen of another country or not a citizen of the United States?

9. Is anyone under the age of 18?

10. Over the last year, has anyone primarily lived in a county other than: Cherokee, Clayton, Cobb, DeKalb, Douglas, Fulton, Gwinnett, Henry, Newton and Rockdale?

11. Does anyone here have difficulty reading, writing, speaking and/or understanding the English language?

12. Is there any member of the panel who has any special disability or problem that would make serving as a member of this jury difficult or impossible?
    **Court will also discuss possible schedule conflicts.
    **Court will also discuss COVID precautions.

13. Has anyone been convicted of a felony crime (punishable by imprisonment for more than one year) for which your civil rights have not been legally restored?

14. Does anyone currently face a felony charge punishable by imprisonment for more than one year?

15. Does any juror hold any belief, religious or otherwise, which discourages or prevents jury service?

16. Does anyone at this time have any prejudice or bias resting on your mind for or against either party?

17. Has anyone already formed an opinion regarding who should prevail in this case?

## BACKGROUND JURY QUESTIONS

1. State your name.

2. In what city and county do you live?
   a. How long have you lived there?
   b. What was your previous city and county of residence and how long did you live there?

3. What is your present occupation?
   a. Please tell us the name of the company where you work.
   b. Do you have hiring or firing authority?
   c. If you have worked there for less than 5 years, for whom did you work before your current employer?

4. If you are not currently employed, what kind of work did you do and where did you work before you retired or left employment?

5. Are you married or have a live-in partner? If so, please answer:
   a. What does your spouse or live-in partner do?
   b. Who is your spouse's or live-in partner's employer? Please name any employer(s) over the past 5 years.

6. Do you have children, including stepchildren?
   a. If you have adult-aged children (21 or over), what do they do and where do they work? Please name any employer(s) over the past 5 years.

7. Describe your educational background.

8. Have you ever served on a trial jury or appeared as a witness at a trial before? If so, please answer:
   a. What kind of case?
   b. Where and when?
   c. If you served on a jury, did the jury reach a verdict?
   d. Were you the foreperson of the jury?

9. Have you ever served on a grand jury before? If so, in what court?

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>VICTOR HILL | Criminal Action No.<br><br>1:21-CR-00143-ELR |

### V E R D I C T

### Count One

As to Count One of the Indictment, we, the jury, unanimously find Victor Hill:

_____ Guilty          _____ Not Guilty

Only if "Guilty," please answer the following question:

Has the jury unanimously found that this offense caused physical pain and resulted in bodily injury to Raheem Peterkin?

_____ Yes          _____ No

### Count Two

As to Count Two of the Indictment, we, the jury, unanimously find Victor Hill:

_____ Guilty          _____ Not Guilty

Only if "Guilty," please answer the following question:

Has the jury unanimously found that this offense caused physical pain and resulted in bodily injury to Desmond Bailey?

_____ Yes          _____ No

**Count Three**

As to Count Three of the Indictment, we, the jury, unanimously find Victor Hill:

_____ Guilty               _____ Not Guilty

Only if "Guilty," please answer the following question:

Has the jury unanimously found that this offense caused physical pain and resulted in bodily injury to Joseph Arnold?

_____ Yes                 _____ No

**Count Four**

As to Count Four of the Indictment, we, the jury, unanimously find Victor Hill:

_____ Guilty               _____ Not Guilty

Only if "Guilty," please answer the following question:

Has the jury unanimously found that this offense caused physical pain and resulted in bodily injury to Chryshon Hollins?

_____ Yes                 _____ No

**Count Five**

As to Count Five of the Indictment, we, the jury, unanimously find Victor Hill:

_____ Guilty         _____ Not Guilty

Only if "Guilty," please answer the following question:

Has the jury unanimously found that this offense caused physical pain and resulted in bodily injury to Joseph Harper?

_____ Yes            _____ No

**Count Six**

As to Count Six of the Indictment, we, the jury, unanimously find Victor Hill:

_____ Guilty         _____ Not Guilty

Only if "Guilty," please answer the following question:

Has the jury unanimously found that this offense caused physical pain and resulted in bodily injury to Glenn Howell?

_____ Yes            _____ No

## Count Seven

As to Count Seven of the Indictment, we, the jury, unanimously find Victor Hill:

_____ Guilty             _____ Not Guilty

Only if "Guilty," please answer the following question:

Has the jury unanimously found that this offense caused physical pain and resulted in bodily injury to Walter Thomas?

_____ Yes              _____ No

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Atlanta, Georgia, this \_\_\_\_ day of October, 2022.

_____
Foreperson's Signature

_____
Foreperson's Printed Name