IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | |
| VICTOR HILL | 1:21-CR-00143-ELR |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by Ryan K. Buchanan, United States Attorney, and Brent Alan Gray and Bret R. Hobson, Assistant United States Attorneys for the Northern District of Georgia, respectfully asks that the Court include the following instructions in its charge to the jury at the conclusion of the case. The Government also requests leave to file additional instructions as may be needed based on circumstances not anticipated prior to trial.

Respectfully submitted,

RYAN K. BUCHANAN
  *United States Attorney*

/s/ BRENT ALAN GRAY
  *Assistant United States Attorney*
Georgia Bar No. 155089
Brent.Gray@usdoj.gov

/s/ BRET R. HOBSON
  *Assistant United States Attorney*
Georgia Bar No. 882520
Bret.Hobson@usdoj.gov

**PROPOSED JURY INSTRUCTION NO. 1**
**Face Page - Introduction[1]**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

CASE NO. 1:21-CR-143-ELR

-vs-

VICTOR HILL

<u>COURT'S INSTRUCTIONS</u>
<u>TO THE JURY</u>

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in

deciding this case. After I've completed these instructions, you will go to the

jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts

necessary to find the Defendant guilty beyond a reasonable doubt.

---

[1] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. B1 (2022).

**PROPOSED JURY INSTRUCTION NO. 2**
**The Duty to Follow Instructions and the Presumption of Innocence**
**When a Defendant Does Not Testify[2]**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[2] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. B2.2 (2022).  Obviously, the Court would replace this with B2.1 if the Defendant testifies.

**PROPOSED JURY INSTRUCTION NO. 3**
**Definition of "Reasonable Doubt"[3]**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[3] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. B3 (2022).

**PROPOSED JURY INSTRUCTION NO. 4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court[4]**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

---

[4] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. B4 (2022).

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**PROPOSED JURY INSTRUCTION NO. 5**
**Credibility of Witnesses[5]**

When I say you must consider all the evidence, I don't mean that you must

accept all the evidence as true or accurate. You should decide whether you

believe what each witness had to say, and how important that testimony was. In

making that decision you may believe or disbelieve any witness, in whole or in

part. The number of witnesses testifying concerning a particular point doesn't

necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a

few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the
  things he or she testified about?

- Did the witness appear to understand the questions clearly and answer
  them directly?

- Did the witness's testimony differ from other testimony or other evidence?

---

[5] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction
No. B5 (2022).

**PROPOSED JURY INSTRUCTION NO. 6**
**Introduction to Offense Instructions[6]**

The indictment charges seven separate crimes, called "counts," against the

Defendant. Each count has a number. You'll be given a copy of the indictment to

refer to during your deliberations.

---

[6] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction
No. B8 (2022).

**PROPOSED JURY INSTRUCTION NO. 7**
**Counts One Through Seven:**
**The Statute Defining the Offenses, 18 U.S.C. § 242 (Deprivation of Rights)[7]**

Each count of the Indictment charges the Defendant with a separate violation

of Title 18, United States Code, Section 242.  The relevant part of that statute

reads as follows:

> Whoever, under color of any law, . . . willfully subjects any person in any
> State . . . to the deprivation of any rights, privileges, or immunities secured
> or protected by the Constitution or laws of the United States . . .

shall be guilty of an offense against the United States.

---

[7] *See* Indictment; 18 U.S.C. § 242.

**PROPOSED JURY INSTRUCTION NO. 8**
**Counts One Through Seven:**
**Elements of Each Offense[8]**

Under 18 U.S.C. § 242, it's a Federal crime for anyone acting under color of state law to willfully deprive someone else of his or her rights secured by the Constitution or laws of the United States.

For each count of the Indictment, the Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant deprived the named victim of the right not to be deprived of liberty without due process of law, which includes the right to be free from the use of unreasonable force by law enforcement officers amounting to punishment;

(2) the Defendant acted under color of state law; and

(3) the Defendant willfully exceeded and misused or abused the Defendant's authority under state law.

"Liberty" includes freedom from unlawful attack upon one's person and the principle that no person may be physically assaulted, intimidated, or otherwise

---

[8] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Offense Instruction No. O8 (2022) (modified); *see also United States v. Lanier*, 520 U.S. 259, 264 (1997) ("Section 242 is a Reconstruction Era civil rights statute making it criminal to act (1) 'willfully' and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States.").

abused intentionally and without justification by a person acting under the color of the laws of any state.

To be deprived of liberty "without due process of law" means to be deprived of liberty without legal authority.

**PROPOSED JURY INSTRUCTION NO. 9**
**Counts One Through Seven:**
**First Element – Deprivation of a Federal Right**

The first element of each count requires the Government to prove that the Defendant deprived another person of a right secured or protected by the Constitution or laws of the United States. The constitutional right at issue here is the right, protected by the Due Process Clause of the Fourteenth Amendment, not to be deprived of liberty without due process of law, which includes the right of pretrial detainees such as Raheem Peterkin (Count One), Desmond Bailey (Count Two), Joseph Arnold (Count Three), Chryshon Hollins (Count Four), Joseph Harper (Count Five), Glenn Howell (Count Six), and Walter Thomas (Count Seven) to be free from the use of unreasonable force by law enforcement officers amounting to punishment.

Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the victim's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and

whether the victim was actively resisting.[9] This list is not exclusive; rather, these factors only illustrate the types of objective circumstances potentially relevant to a determination of excessive force.[10]

Legitimate interests – including the need to preserve internal order and discipline and maintain institutional security—may at times require jail officers to use force, although retribution and deterrence are not legitimate nonpunitive governmental objectives.[11] But if force used against a pretrial detainee is more severe than is necessary to subdue him or otherwise achieve a permissible governmental objective, it constitutes punishment and is therefore

---

[9] *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.").

[10] *Id.* ("We do not consider this list to be exclusive. We mention these factors only to illustrate the types of objective circumstances potentially relevant to a determination of excessive force.").

[11] *Piazza v. Jefferson Cnty., Ala.*, 923 F.3d 947, 953 (11th Cir. 2019) ("Obviously, 'legitimate interests'—including the need to 'preserve internal order and discipline' and 'maintain institutional security'—may at times require jail officers to use force." (quoting *Kingley*, 576 U.S. at 397)); *Bell v. Wolfish*, 441 U.S. 520, 539 n.20 (1979) ("Retribution and deterrence are not legitimate nonpunitive governmental objectives.").

unconstitutional.[12] Furthermore, once a prisoner has stopped resisting there is no longer a need for force, so the use of force thereafter is disproportionate to the need.[13] Accordingly, the continuing use of force is impermissible when a detainee is complying, has been forced to comply, or is clearly unable to comply.[14]

---

[12] *Piazza*, 923 F.3d at 952 ("After *Kingsley*, then, if force used against a pretrial detainee is more severe than is necessary to subdue him or otherwise achieve a permissible governmental objective, it constitutes 'punishment' and is therefore unconstitutional.").

[13] *Id.* at 953 ("[O]ur decisions make one thing clear: 'Once a prisoner has *stopped resisting* there is no longer a need for force, so the use of force thereafter is disproportionate to the need.'" (quoting *Danley v. Allen*, 540 F.3d 1298 1309 (11th Cir. 2008), *abrogated on other grounds by Kingsley*, 576 U.S. 389).

[14] *Id.* ("In other words, because force in the pretrial detainee context may be defensive or preventative—but never punitive—the continuing use of force is impermissible when a detainee is complying, has been forced to comply, or is clearly unable to comply.")

**PROPOSED JURY INSTRUCTION NO. 10**
**Counts One Through Seven:**
**Second Element – Under Color of Law**[15]

The second element of each count requires the Government to prove that the Defendant acted under color of law. A person acts under color of law if he is a public official or employee of a federal, state, or local government and he uses or abuses power he possesses because of his official position. If you find that the Defendant was the Sheriff of Clayton County, Georgia, and that he acted or gave the appearance of acting as the Sheriff when he committed the acts alleged in the Indictment, then you may find that he acted under color of law.

---

[15] *See West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (citation omitted)); *Screws v. United States*, 325 U.S. 91 (1948) ("It is clear that under 'color' of law means under 'pretense' of law. . . . Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it."); 2 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 29.04 (6th ed. 2008) ("The phrase 'under color of any law' means the real or purported use of authority provided by law. . . . Acts committed 'under color of any law' of a state include not only the actions of officials within the limits of their lawful authority, but also the actions of state officials who exceed the limits of their lawful authority while purporting or claiming to act in performance of their official duties.").

## PROPOSED JURY INSTRUCTION NO. 11
### Third Element – Willfully

The third element of each count requires the Government to prove that the Defendant acted willfully. The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.[16] While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.[17]

As to each count, you may find that the Defendant acted willfully if you find that he acted in open defiance or reckless disregard of the named victim's right to be free from excessive force that amounts to punishment.[18]

---

[16] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. B9.1A (2022).

[17] *Id.* Note that the annotations to Offense Instruction O8, which applies to § 242 offenses, suggest using this definition: "The committee believes that the general definition of 'willfully' in Basic Instruction 9.1A would usually apply to this crime."

[18] *See United States v. Brown*, 934 F.3d 1278, 1296 (11th Cir. 2019) ("To establish that a defendant acted willfully in committing a deprivation of rights under color of law, the government must prove that the defendant acted with a specific intent to deprive a person of a federal right made definite by decision or other rule of law, or in open defiance or in reckless disregard of a constitutional

It is not necessary for the Government to prove that the Defendant was thinking in legalistic terms at the time of the incident, or that he had an appreciation that his conduct was prohibited by a particular provision of the Constitution.[19] The Government must prove, however, that the Defendant acted with the bad purpose of doing what the Constitution forbids. That is, the Government must prove that the Defendant intended to use more force than is necessary under the circumstances.[20]

---

requirement which has been made specific and definite." (internal quotation marks and alterations omitted)).

[19] *See id.*; Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. B9.1A (2022) ("[T]he person need not be aware of the specific law or rule that his conduct may be violating."); *see also* 2 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 29.05 (6th ed. 2008) (noting that "it is not necessary for the government to prove that the defendant knew that this action would actually violate anyone's constitutional rights.").

[20] *United States v. Reese*, 2 F.3d 870, 885-86 (9th Cir. 1993) (explaining that in a § 242 excessive force case, "the requisite specific intent is the intent to use more force than is necessary under the circumstances," and the defendants did not need to know "their use of force was unlawful"); *United States v. Proano*, 912 F.3d 431, 442 (7th Cir. 2019) (approving the following jury instruction: "The defendant acted intentionally if he used force knowing that the force he used was more than what a reasonable officer would have used under the circumstances. The defendant did not act intentionally if he did not know that the force he used was more than what a reasonable officer would have used under the circumstances.")

 Intent is a state of mind, which can often be proven only by circumstantial evidence.[21] Ordinarily, a defendant's state of mind cannot be proven directly because no one can read another person's mind and tell what that person is thinking.[22] But a defendant's state of mind can still be proven indirectly from the surrounding circumstances.[23]

In determining whether the Defendant acted willfully, you may consider any facts or circumstances you deem relevant to shed light on what was going through the Defendant's mind. You may consider, among other things, what the Defendant said or didn't say; what the Defendant did or didn't do; how the Defendant acted; and any other facts or circumstances in evidence that show

---

[21] *See Screws v. United States*, 325 U.S. 91, 106 (1945) (noting that the defendant's purpose "need not be expressed; it may be reasonably inferred from all the circumstances").

[22] *See, e.g.*, Sixth Circuit Pattern Criminal Jury Instructions, Instruction No. 2.08 (2021) (modified) ("Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. . . . But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.").

[23] *Id.*

what was in the Defendant's mind, including whether the Defendant's actions violated his training on use of force or department policy.[24]

In considering the Defendant's state of mind, you may infer that the Defendant intended the natural and probable results of any acts he knowingly took or knowingly failed to take.[25] In other words, you may infer that the Defendant intended the consequences that a reasonable corrections officer, standing in similar circumstances and possessing similar knowledge, would have expected to result from his actions.

It is not a defense that the Defendant may also have been motivated by anger or some other emotion, provided that the intent that I have described to you was

---

[24] *See id.; see also Brown*, 934 F.3d at 1297 (explaining that "where an officer's actions so obviously violate his training on the use of force, a jury may infer that the violation was willful").

[25] *See United States v. Cotton*, 770 F.2d 940, 946 (11th Cir. 1985) (approving the following jury instruction: "Ordinarily, intent may not be proved directly. There is no way to fathom, divine, or scrutinize the operations of the human mind. You may infer the defendant's intent from the surrounding circumstances. You may consider any statement made, act done, or omission by the defendant, and all other facts and circumstances in evidence which indicate his state of mind. You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence.").

present.[26] You may, however, consider such motivations—as well as any malice

displayed by the Defendant—in determining whether the Defendant acted

willfully, as I have described that term to you.

---

[26] *See Crews v. United States*, 160 F.2d 746, 749 (5th Cir. 1947) (holding that defendant-officer acted willfully "even though the defendant was also actuated by personal anger, hate, malice, and a desire for revenge.").

## PROPOSED JURY INSTRUCTION NO. 12
### Bodily Injury [27]

For each count as to which you find the Defendant guilty, you must then determine whether the offense resulted in bodily injury.

"Bodily injury" includes any physical injury to the body, such as a cut, abrasion, bruise, fracture, or disfigurement, and also includes physical pain. The physical injury or pain need not be significant, severe, or permanent. The Government does not need to prove that the Defendant intended to cause bodily injury. The Government need only prove that bodily injury—no matter how slight—resulted from the offense in which the Defendant participated, and that such bodily injury was a natural and foreseeable result of the offense conduct.

The law requires that on each count you unanimously agree on whether the offense resulted in bodily injury.

---

[27] *See* 18 U.S.C. § 242; 18 U.S.C. §§ 831(f)(5); 1365(h)(4), 1515(a)(5), 1864(d)(2) (bodily injury defined for purposes of other federal statutes); *United States v. Myers*, 972 F.2d 1566, 1572-73 (11th Cir. 1992) (holding that "bodily injury," in the § 242 context, includes the following "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary"). Note that the annotations to Offense Instruction O8, which applies to § 242 offenses, cite the definition of bodily injury found in *Myers*.

**PROPOSED JURY INSTRUCTION NO. 13**
**Conjunctively Charged Counts[28]**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

---

[28] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. B8.1 (2022).

**PROPOSED JURY INSTRUCTION NO. 14**
**On or About[29]**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

---

[29] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. B9.1A (2022) (modified).

**PROPOSED JURY INSTRUCTION NO. 15**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**[30]

Each count of the indictment charges a separate crime. You must consider

each crime and the evidence relating to it separately. If you find the Defendant

guilty or not guilty of one crime, that must not affect your verdict for any other

crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes

charged in the indictment. You're here to determine from the evidence in this

case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the

Defendant is guilty. If you find the Defendant guilty, the punishment is for the

Judge alone to decide later.

---

[30] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic
Instruction No. B10.2 (2022).

**PROPOSED JURY INSTRUCTION NO. 16**
**Caution: Verdict Limited to Charges Against the Defendant[31]**

Whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide whether the Defendant is guilty or not guilty of the crimes charged in the indictment. Do not let the possible guilt of others influence your decision in any way.

---

[31] Sixth Circuit Pattern Criminal Jury Instructions, Instruction No. 8.08 (2021) (modified); *see Nadeau v. Matesanz*, 289 F.3d 13, 15 n.3 (1st Cir. 2002) (finding that a similar instruction has been "widely accepted" in federal courts).

## PROPOSED JURY INSTRUCTION NO. 17
### Duty to Deliberate[32]

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

[32] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. B11 (2022) (comma added).

**PROPOSED JURY INSTRUCTION NO. 18**
**Note-taking[33]**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

---

[33] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Special Instruction No. S5 (2022).

## PROPOSED JURY INSTRUCTION NO. 19
### Verdict[34]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

---

[34] Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. B12 (2022).