**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 1:21-CR-143-ELR-CCB** |
| | ) | |
| | ) | |
| **VICTOR HILL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SHERIFF VICTOR HILL'S PROPOSED JURY INSTRUCTIONS

Sheriff Victor Hill respectfully submits the following proposed jury instructions. Sheriff Hill also reserves the right to amend or add to these requests up until the conclusion of the evidence at trial to conform to the evidence as it is received.

**Introduction**

<u>COURT'S INSTRUCTIONS
TO THE JURY</u>

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## ANNOTATIONS AND COMMENTS

*In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also *Harvell v. Nagle*, 58 F.3d 1541, 1542 (11th Cir. 1995), *reh'g denied*, 70 F.3d 1287 (11th Cir. 1995).

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## ANNOTATIONS AND COMMENTS

*United States v. Daniels*, 986 F.2d 451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), *cert. denied*, 511 U.S. 1054, 114 S. Ct. 1615, 128 L. Ed. 2d 342 (1994) approves this definition and instruction concerning reasonable doubt; *see also United States v. Morris*, 647 F.2d 568 (5th Cir. 1981); *Victor v. Nebraska*, 511 U.S. 1, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## ANNOTATIONS AND COMMENTS

*United States v. Clark*, 506 F.2d 416 (5th Cir. 1975), *cert. denied*, 421 U.S. 967, 95 S. Ct. 1957, 44 L. Ed. 2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; *see also United*

*States v. Barnette*, 800 F.2d 1558, 1566 (11th Cir. 1986), *reh'g denied*, 807 F.2d 999 (11th Cir. 1986), *cert. denied*, 480 U.S. 935, 107 S. Ct. 1578, 94 L. Ed. 2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982)).

*United States v. Hope*, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing *United States v. Buchanan*, 585 F.2d 100, 102 (5th Cir. 1978)). *See also United States v. Jenkins*, 901 F.2d 1075 (11th Cir. 1990).

*United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing *United States v. Phillips*, 664 F.2d 971, 1031 (5th Cir. 1981)); *see also United States v. Siegel*, 587 F.2d 721, 727 (5th Cir. 1979).

For an alternative description of evidence, see Preliminary Instruction, "what is evidence."

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

## Impeachment of Witnesses Because of
## Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## ANNOTATIONS AND COMMENTS

*See United States v. Solomon*, 856 F.2d 1572, 1578 (11th Cir. 1988), *reh'g denied*, 863 F.2d 890 (1988), *cert. denied*, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## ANNOTATIONS AND COMMENTS

*United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S. Ct. 1214, 59 L. Ed. 2d 454 (1979).

## On or About; Knowingly; Willfully – Generally

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

## ANNOTATIONS AND COMMENTS

The Definition of willfulness in this instruction can be used in most cases where willfulness is an element. For crimes requiring a particularized knowledge of the law being violated, such as tax and currency-structuring cases, use 9.1B's definition of willfulness.

The committee in its most recent revisions to the pattern instructions has changed the approach to how "willfully" should be charged in the substantive offenses which include it as an essential element of the offense. The previous editions of the pattern instructions included the following definition that historically has been used in most cases:

> The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

Although this definition has been useful as a general definition that encompasses many different aspects of the legal concept of "willfulness" in a concise and straightforward manner, the Committee has concluded, along with every other Circuit Pattern Instruction Committee that has considered the issue, that the definition is not accurate in every situation. A review of the case law reveals how the courts have struggled with the meaning of "willfulness" as a *mens rea* requirement for substantive criminal offenses. *See Bryan v. United States*, 524. U.S. 184, 189-92, 114 S. Ct. 1939, 1944-45 (1998) ("The word 'willfully' is sometimes said to be 'a word of many meanings' whose construction is often dependent on the context in which it appears." (citing *Spies v. United States*, 317 U.S. 492, 497, 63 S. Ct. 364, 367 (1943))); *see also Ratzlaf v. United States*, 510 U.S. 135, 140-41, 114 S. Ct. 655, 659 (1994); *United States v. Phillips*, 19 F.3d 1565, 1576-84 (11th Cir. 1994) (noting the difficulty in defining "willfully" and discussing the term in various contexts), amended to correct clerical errors, 59 F.3d 1095 (11th Cir. 1995); *United States v. Granda*, 565 F.2d 922, 924 (5th Cir. 1978) (noting, *inter alia*, that "willfully" has defied any consistent interpretation by the courts"); *see generally United States v. Bailey*, 444 U.S. 394, 403, 100 S. Ct. 624, 631 (1980) ("Few areas of criminal law pose more difficulty that the proper definition of the *mens rea* requirement for any particular crime.").

Based on the case law, the Committee has concluded that the criminal offenses that expressly include "willfulness" as an essential element can be divided into two broad categories. For the first category (Instruction 9.1A, which encompasses most offenses) "willfully" is defined to require that the offense be committed voluntarily and purposely with the intent to do something unlawful. However, the person need not be aware of the specific law or rule that his or her conduct may be violating. This definition is narrower than the traditional definition that has been used in our pattern charges in the past, but the Committee believes that this narrower definition is required under the law. *See, e.g. Bryan v. United States*, 524 U.S. 184, 118 S. Ct. 1939 (1998) (holding that the term "willfully" in 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) requires proof that the defendant knew that his conduct was generally unlawful, but does not require that the defendant knew of the specific licensing requirement that he was violating).

The second category of criminal offenses that have "willfulness" as an essential element have a heightened *mens rea* requirement. For this limited class of offenses, the Government must prove more than the defendant knew that his conduct was done with a bad purpose to disobey the law in general. The Government must prove that the defendant had an intent to violate a known legal duty, that is with the *specific* intent to do something the law forbids. For these offenses, the Committee recommends that the definition of "willfully" in Instruction 9.1B be given to the jury. These offenses include currency structuring statutes and certain tax laws, which tend to involve "highly technical statutes that present the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan*, 118 S. Ct. at 1946 – 47. For example, *see Ratzlaf v. United States*, 114 S. Ct. 655 (1994) (holding that with respect to 31 U.S.C. § 5322(a) and the monetary transaction provisions that it controls, the Government must prove that the defendant acted willfully, *i.e.*, with specific knowledge that the structuring of currency transactions in which he was engaged was unlawful); *see also Cheek v. United States*, 111 S. Ct. 604, 609-10 (1991) (explaining that due to the complexity of tax laws, there is an exception to the general rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution," and "[t]he term 'willfully' [as used in certain federal criminal tax offenses] connot[es] a 'voluntary, intentional violation of a known legal duty'" (citing *United States v. Pomponio*, 429 U.S. 10, 12, 97 S. Ct. 22, 23 (1976) and *United States v. Bishop*, 412, U.S. 346, 360-61, 93 S. Ct. 2008, 2017 (1973))). In *Cheek*, the Supreme Court found error in the trial court's instruction to the jury that in order for the defendant's belief that he was not violating the law to be a defense, his good-faith belief must have been objectively reasonable. The Court further explained, however, that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206, 111 S. Ct. at 613.

The Committee observes that the required mental state may be different even for different elements of the same crime. This possibility should be considered when determining what definition of *mens rea* should be charged. *See Liparota v. United States*, 471 U.S. 419, 423, 105 S. Ct. 2084, 2087 n.5 (1985).

Note: If the Defendant raises a good faith defense, it may be appropriate to give Special Instruction 9 [Good Faith Defense to Willfulness (as under the Internal Revenue Code)], Special Instruction 18 [Good Faith Reliance Upon Advice of Counsel].

**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## ANNOTATIONS AND COMMENTS

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 U.S.C. § 1962 (RICO offenses) or 21 U.S.C. § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

**Lesser Included Offense (Single)**

In some cases a defendant is charged with breaking a law that actually covers two separate crimes.

A "lesser included offense" is a crime that isn't as serious as the other crime a defendant is charged with.

If you find the Defendant not guilty of the crime charged in Count number _____, you must determine whether the Defendant is guilty of the lesser included offense.

Proof of the lesser included offense requires proof beyond a reasonable doubt of the facts necessary to prove the crime charged in Count number _____, except _____ [list elements not required for the lesser included offense].

## ANNOTATIONS AND COMMENTS

*See United States v. Alvarez*, 755 F.2d 830 (11th Cir. 1985), *cert. denied*, 474 U.S. 905, 106 S. Ct. 274, 88 L. Ed. 2d 235 (1985) and *cert. denied*, 482 U.S. 908, 107 S. Ct. 2489, 96 L. Ed. 2d 380 (1987).

The Committee recognizes - - and cautions - - that sentence enhancing factors subject to the principle of Apprendi are not necessarily "elements" creating separate offenses for purposes of analysis in a variety of contexts. *See United States v. Sanchez*, 269 F.3d 1250, 1277 n.51 (11th Cir. 2001) *(en banc), cert. denied*, 535 U.S. 942, 122 S. Ct. 1327, 152 L. Ed. 2d 234 (2002). Even so, the lesser included offense model is an appropriate and convenient procedural mechanism for purposes of submitting sentence enhancers to a jury when required by the principle of *Apprendi*.

The following is one form of verdict that may be used in cases in which the offense charged in the indictment embraces a lesser included offense or offenses in the traditional sense, or involves sentencing enhancers subject to *Apprendi*.

Alternatively, especially in drug cases involving multiple defendants and/or multiple forms of controlled substances, it may be preferable to use a form of special verdict for each Defendant (preceded by appropriate instructions concerning the reasons for, and the use of, such verdict forms). See <u>infra</u>, Offense Instructions 85 and 87.

<u>Verdict</u>

   1.We, the Jury, find the Defendant [name of Defendant] _____ of the offense charged in Count One of the indictment.

       [<u>Note</u>: Proceed to the remainder of the verdict form only if you find
            the Defendant not guilty of the offense as charged.]

   2.We, the Jury, having found the Defendant [name of Defendant] not guilty of the offense as charged in Count One of the indictment, now find the Defendant _____ of the [first] lesser included offense in Count One of [give generic description of lesser included offense, i.e., conspiring to distribute less than 50 grams but not less than 5 grams of cocaine base].

     So Say We All.

Date: _____                    _____
                                                   Foreperson

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ANNOTATIONS AND COMMENTS

*See United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979); *United States v. Dunbar*, 590 F.2d 1340 (5th Cir. 1979).

## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

## ANNOTATIONS AND COMMENTS

*United States v. Norton*, 867 F.2d 1354, 1365-66 (11th Cir. 1989), *cert. denied*, 491 U.S. 907, 109 S. Ct. 3192, 105 L. Ed. 2d 701 (1989) and 493 U.S. 871, 110 S. Ct. 200, 107 L. Ed. 2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and thereafter follows it with an *Allen* charge, absent a showing that either incident or a combination of the two was inherently coercive." See *United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979).

## Good-Faith Defense to Willfulness

Good-Faith is a complete defense to the charges in the indictment since good-faith on the part of the Defendant is inconsistent with willfulness, and willfulness is an essential part of the charges. The burden of proof is not on the Defendant to prove good-faith intent because the Defendant does not need to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged.

Intent and motive must not be confused. "Motive" is what prompts a person to act. It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that the Defendant specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of "willfulness" is satisfied, even if the Defendant believed that violating the law was required or that ultimate good would result.

## ANNOTATIONS AND COMMENTS

This instruction has been updated and now more closely resembles the language of other good faith defenses.

*See United States v. Anderson*, 872 F.2d 1508, 1517-18 (11th Cir. 1989), *cert. denied*, 493 U.S. 1004 (1989). However, in *United States v. Paradies*, 98 F.3d 1266 (11th Cir. 1996), *cert. denied*, 521 U.S. 1106 and 522 U.S. 1014 (1997), the Eleventh Circuit noted that although the jury instructions given in the case were legally sufficient as a whole, a portion of the former Special Instruction 9 "might potentially be deemed

confusing." <u>Id.</u> at 1285. The updated instruction eliminates the confusion. It may be given when appropriate as a supplement to Basic Instruction 9.1B.

## Character Evidence

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

## ANNOTATIONS AND COMMENTS

Rule 404. [Fed. R. Evid.] Character Evidence; Crimes or Other Acts

(a) Character Evidence.

(1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

(2) Exceptions for a Defendant or Victim in a Criminal Case. The following exceptions apply in a criminal case:

(A) a defendant may offer evidence of the defendant's pertinent trait,      and if the evidence is admitted, the prosecutor may offer evidence to rebut it;

*See United States v. Broadwell*, 870 F.2d 594, 609 (11th Cir. 1989), *cert. denied*, 493 U.S. 840, 110 S. Ct. 125, 107 L. Ed. 2d 85 (1989).

*United States v. Darland*, 626 F.2d 1235 (5th Cir. 1980) held that it can be plain error to refuse this instruction when the Defendant offers evidence of good character; and, further, the admission of such evidence may not be conditioned on the Defendant testifying as a witness. Character evidence may be excluded, however, when the proffered witness has an inadequate basis for expressing an opinion as to the Defendant's character. *United States v. Gil*, 204 F.3d 1347 (11th Cir. 2000). A distinction must be drawn between evidence of a pertinent trait of the Defendant's character, offered under Fed. R. Evid. 404(a)(2), and evidence of the character of a witness for truthfulness (including the Defendant as a witness) offered under Fed.

R. Evid. 608(a). This instruction should be given when the evidence has been admitted under Rule 404. Basic Instruction 6.7 should be given when evidence has been admitted under Rule 608.

In either case - - whether character evidence is admitted under Rule 404 or Rule 608 - - Rule 405(a) provides that "it may be proved by testimony about the person's reputation or by testimony in the form of an opinion.

## Deprivation of Civil Rights
## 18 U.S.C. § 242

It's a Federal crime for anyone acting under color of state law to willfully deprive someone else of his or her rights secured by the Constitution or laws of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) First, the Defendant deprived the person of a right secured by the Constitution or laws of the United States by committing the acts charged in the indictment;

(2) Second, the Defendant acted or claimed to act under color of state law; and

(3) the Defendant willfully, that is, the defendant committed such act or acts with a purpose to disobey or disregard the law, specifically intending to deprive the person of that right.

An act "under color of state law" includes any act done by an official under a state law or regulation. It also covers acts done by an official under the ordinances and regulations of any county or municipality of the state. It even includes acts performed under a state or local custom.

To act "under color of state law" means to exceed or abuse lawful authority while claiming or pretending to perform an official duty. An unlawful act under color of state law occurs when a person has power only because that person is an official, and that person does acts that are a misuse or abuse of that power.

The indictment charges Victor Hill with depriving the alleged victims of the due process right to be free from excessive force amounting to punishment. You are instructed that this right is one secured by the Constitution and laws of the United States.

Because these individuals had been arrested and were being held as detainees, they were lawfully deprived of many of the liberties with due process of law. Jail officials may use force in a good faith effort to preserve internal order and discipline and to maintain institutional security. Not every use of force, even if it may later seem unnecessary in the peace of a courtroom, deprives a detainee of his constitutional rights. Law enforcement officers are to use force against a detainee as part of a good-faith effort to further legitimate correctional purposes, such as restoring order, preventing escape, or defending themselves and others. What violates the Constitution is force used against a detainee for no legitimate government purpose, such as force used for the purpose of retaliation, deterrence, or the malicious infliction of pain.

To determine whether a particular use of force amounts to a deprivation of a right secured by the constitution or laws of the United States, the question for the jury is whether force was objectively unreasonable and furthered no legitimate nonpunitive government purpose. In making this decision, you must account for the legitimate interests that stem from the need to manage the jail appropriately

deferring to the policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security. You must also take into account the fact that corrections officials are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

Among the factors for you to consider that might bear whether force was applied in a good-faith are: the need for the application of force, the relationship between the need for the use of force and the amount of force used; the extent of the injuries to the inmate; the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them; and any effort made by the officer to temper or limit the amount of force. You must also give a wide range of deference to prison officials acting to preserve discipline and security.

To determine whether the alleged victim was deprived of liberty without due process of law, you must first determine from the evidence whether the Defendant did any of the acts charged.

If so, then you must determine whether the Defendant acted within the bounds of the Defendant's lawful authority.

If you find that the Defendant acted within the limits of lawful authority under state law, the Defendant did not deprive the alleged victim of any liberty without due process of law.

But if you find that the Defendant exceeded the limits of lawful authority under state law, you may find that the Defendant deprived the alleged victim of liberty without due process of law and then decide whether the Defendant acted willfully.

## AUTHORITY

Eleventh Circuit Pattern Jury Charge, Criminal Cases, Instruction No. O9 (2022) (modified).

*United States v. Lanier*, 520 U.S. 259 (1997);

*Screws v. United States*, 325 U.S. 91 (1945);

*Crocker v. Beatty*, 995 F.3d 1232 (11th Cir. 2021);

*Kingsley v. Hendrickson*, 576 U.S. 389 (2015);

*Graham v. Connor*, 490 U.S. 386, 396-397 (1989) ("With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' *Johnson v. Glick*, 481 F.2d, at 1033, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.");

*Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) ("we must also give a wide range of deference to prison officials acting to preserve discipline and security");

*Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990) (favorably quoting *Johnson v. Glick* in context of excessive force case in prison).

**Limiting Instruction of Policy Statements**

During the trial you have heard testimony about the use of force policy adopted by the Clayton County Sheriff's Office. The policy has been admitted into evidence. The Defendant is not charged in this case with violating any policy of the Clayton County Sheriff's Office. Instead, he is charged with the offense of deprivation of a constitutional right. Even if you believe that Mr. Hill acted in contravention of one or more of the policies, that alone would not make him guilty of deprivation of a constitutional rights. The issue is whether or not the government has proven each of the elements of the offense beyond a reasonable doubt.

**Explanatory Instruction**

**Transcript of Tape-Recorded Conversation**

Members of the Jury: Exhibit _____ has been identified as a typewritten transcript of the oral conversation heard on the tape recording received in evidence as Exhibit _____. The transcript also purports to identify the speakers engaged in the conversation.

I've admitted the transcript for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording [, particularly those portions spoken in Spanish,] [and also to help you identify the speakers.]

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation [or the identity of the speakers] is entirely for you to decide based on [your own evaluation of the testimony you have heard about the preparation of the transcript, and from] your own examination of the transcript in relation to hearing the tape recording itself as the primary evidence of its own contents.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

## ANNOTATIONS AND COMMENTS

*United States v. Nixon*, 918 F.2d 895 (11th Cir. 1990), held that transcripts are admissible in evidence, including transcripts that purport to identify the speakers,

and specifically approved the text of this instruction as given at the time the transcripts were offered and received.

This 6th day of October, 2022.

Respectfully submitted,


By: /s/     *Marissa Goldberg*


Drew Findling
    Ga. Bar No. 260426
Marissa Goldberg
    Ga. Bar No. 672798
The Findling Firm
3490 Piedmont Road NE, Suite 600
Atlanta, GA 30305
Telephone (404) 460-4500
Email: drew@findlinglawfirm.com
        marissa@findlinglawfirm.com


Lynsey M. Barron
    Ga. Bar No. 661005
Barron Law LLC
3104 Briarcliff Rd.
P.O. Box 29964
Atlanta, GA 30359
Telephone (404) 276-3261
Email:  lynsey@barron.law

***Attorneys for Sheriff Victor Hill***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the below date I electronically filed the foregoing Proposed Jury Instructions with the Clerk of Court using CM/ECF system which will automatically send email notification of such filing to the to the following attorneys of record:

> Brent Gray, AUSA
> Bret Hobson, AUSA
> U.S. Attorney's Office
> 600 Courthouse
> 75 Ted Turner Drive SW
> Atlanta, GA 30303

This 6th day of October, 2022.

*/s/ Marissa Goldberg*
By: Marissa Goldberg

*Attorney for Sheriff Victor Hill*