UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| ) | |
| ) | |
| v. ) | No. 1:21-CR-143-ELR-CCB |
| ) | |
| ) | |
| **VICTOR HILL,** ) | |
| ) | |
| **Defendant.** ) | |

**SHERIFF VICTOR HILL'S MOTION TO LIMIT LAY OPINION TESTIMONY**

Sheriff Victor Hill moves this Court to limit any attempt by the government to seek certain opinion testimony from law enforcement officers who have not been qualified as experts and who may attempt to offer opinions that are legal conclusions.

On October 7, 2022, the government produced Jencks Act material in this case, including over 500 pages of transcripts from law enforcement officers who testified before the grand jury. Many officers were asked their opinions about the ultimate issue the jury will resolve in this case, whether the use of the restraint chair was excessive force amounting to punishment, regardless of whether they had any training or experience with the chair. Witnesses were also asked to draw legal conclusions about whether Sheriff Hill's alleged conduct violates the law. For example, the following questions were asked:

- "You would agree with me or would you agree with me that if you put somebody in a restraint chair to physically punish them that that would be illegal? . . . There is no question that's crime; is there?" (9/1/20 testimony of H.J. at 16-17)

- After showing the witness the video of J.A. being placed into the restraint chair: "[B]ased on what you've seen would you have considered that to be unjustified? . . . I understand it is your opinion, but I am asking you to tell us as a Police Officer because I don't think any of us are Police Officers and we haven't had the use of force training. In your experience, is there any justification that you observed to put him in a restraint chair?" (10/15/20 testimony of L.S. at 10-11)

- "Is it your training and your understanding that excessive force is illegal in the United States? . . . Is the use of a restraint chair in your training and experience a use of force? [Witness says he doesn't know because he 'haven't did [sic] anything with the chair.'] Let's assume that it is considered a use of force. If it's considered a use of force would it have to be justified? . . . Did you see any justification for the use of any sort of force?" (11/2/20 testimony of D.H. at 7-8, 25)

2

- "Did you observe anything in this booking area . . . that justified putting him in the restraint chair? . . . And if there was no reason to put him in a restraint chair, then that would be an unjustified use of force, wouldn't it? . . . And if it is an unjustified use of the restraint chair then that would be an excessive use of force would it not? . . . And that would be illegal wouldn't it?" (11/2/20 testimony of E.M. at 16-17)

- "Was what you witnessed there and what we are seeing the video of; would you consider that excessive force? . . . Would you consider it based on your training to be illegal?" (11/2/20 testimony of L.J. at 14)

- "Would you agree with me that then since there's no justification then that was excessive? . . . Would you agree with me that in the United States, under our Constitution, that it's illegal to use excessive force? . . . Does it appear to you that the Sheriff is punishing [J.A.]?" (11/2/20 testimony of L.L. at 17)

- "Do you believe that was an inappropriate use of force? . . . Do you believe that it was excessive? . . . Here's the ultimate question; was it illegal? . . . Do you agree with me that [questioning a witness without a lawyer present] is also illegal?" (12/2/20 testimony of K.C. at 20-22)

3

- After the witness had testified that he is not familiar with the restraint chair because they do not use it in his department, he is nonetheless asked: "Let's just say that there's evidence that would show that the Sheriff had determined while he was still in your custody at the scene that he was going to be put into a restraint chair. Had you seen anything that would justify putting [C.H.] into a restraint chair?" (2/8/21 testimony of S.R. at 6, 15-16)

- "If you could think of any reason or opportunity to defend the actions of the Sheriff, I would like to hear them now. Can you think of any defense for the order to put this man in a restraint char for 4-hours?" (4/19/21 testimony of T.G. at 9)

- Asking a narcotics detective who works for a different law enforcement agency, without laying any foundation that the detective is familiar with the protocol for restraint chair use: "Did you observe any reason to put [R.P.] in a restraint chair at the time you were with him?" (3/16/22 testimony of F.G. at 12)

The government did not provide notice of expert testimony as required by witness under the federal criminal discovery rules, and it confirmed at the September 29, 2022 pretrial conference that it does not intend to call an expert. Instead, the government may seek to stretch the limits of Fed. R. Evid. 701 at trial

as it did in grand jury, by using law enforcement fact witnesses as Trojan Horses for expert testimony. Such testimony is improper and should not be allowed.

## ARGUMENT

Rule 701 limits opinions by lay opinions to those that are (a) "rationally based on the witness's perception"; (b) "helpful to clearly understanding the witness's testimony or to determining a fact in issue"; and (c) "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. This last requirement—that the opinions not be based on specialized knowledge—was added to the rule in 2000 "'to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.'" *Tampa Bay Shipbuilding and Repair Co. v. Cedar Shipping Co., Ltd.*, 320 F.3d 1213 (11th Cir. 2003) (citing the Advisory Committee Notes to Rule 701). As the Advisory Committee Notes further explain, where the solicited opinion is just an attempt "to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by the rule." Fed. R. Evid. 701 Notes of Advisory Committee on Proposed Rule.

Whether the use of the restraint chair as alleged in this case constituted reasonable or excessive force amounting to punishment is a question that is exclusively up to the jury to decide. *See Samples v. City of Atlanta*, 916 F.2d 1548,

1551 (11th Cir. 1990) (question asking an expert whether it was reasonable for the police officer to discharge his firearm "tends to call for an answer that would invade the province of the jury, which in this case was to decide the reasonableness of the officer's actions"). If the government can lay the proper foundation that its witnesses are well-versed in prevailing law enforcement standards when it comes to the restraint chair, the witness could of course speak to whether Sheriff Hill's alleged actions comport with those standards. *See, e.g., United States v. Myers*, 972 F.2d 1566, 1577 (11th Cir. 1992). For example, in *Samples*, the Eleventh Circuit affirmed the admission of expert testimony on the reasonableness of the use of force because the examiner laid the proper foundation that the expert was testifying on prevailing standards in the field of law enforcement, an area on which the expert had been qualified to opine. *See Samples*, 916 F.2d at 1551. Consider too the Eleventh Circuit's recent decision in *Sears v. Rivero*, which evaluated the opinions of a lay witness on whether use of force was reasonable. *See* 2022 WL 2291220, No. 19-13668 (11th Cir. June 24, 2022). In *Sears*, an officer in the Inspector General's Office who was charged with reviewing uses of force was called as a lay witness to testify to his review of the force at issue in that case. *Id.* *3-4. He was allowed to opine on the reasonableness of the use of force because it was his job to compare the actions in that case "to a checklist or a set of procedures

6

established by the Inspector General," which was akin to "bureaucratic box checking." *Id.* *4.

Contrast that with this case, where the government asked witnesses without any familiarity of the prevailing standards governing restraint chairs—and some who had no familiarity at all with restraint chairs—whether Sheriff Hill's alleged conduct was excessive force. (*See, e.g.,* 11/2/20 testimony of D.H. at 7-8, 25; 2/8/21 testimony of S.R. at 6, 15-16) Witnesses should not be allowed to offer their personal assessments of Sheriff Hill's conduct, especially if the government cannot lay the foundation that they have sufficient knowledge of generally accepted restraint chair standards. To the extent the government responds that it will only be soliciting these opinions in light of the witnesses' training and experience, there are two problems. First, that training and experience will undoubtedly stem from the Clayton County Sheriff's Office policy on restraint chairs, a document can review for itself and decide whether the alleged conduct comports with the policy.

Second, and more concerning, is the risk that the witnesses' opinions will confuse the jury about the legal standard that governs this case. *See* Fed. R. Evid. 403. Sheriff Hill's conduct can only be found criminal if it was objectively unreasonable—outside the norms of prevailing standards in the field of law enforcement—not whether it was outside the boundaries of the training and experience of a particular officer. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397

7

(2015). Use of force in a given scenario could arguably exceed that allowed under local policy but still be constitutionally acceptable. *See United States v. House*, 684 F.3d 1173, 1206 (11th Cir. 2012) (finding error when the district court instructed the jury that it could convict a law enforcement officer based on a traffic stop initiated against agency policy even if the officer had reasonable suspicion or probable cause). Witness opinions as to reasonableness based on their own subjective training and understanding is therefore not only irrelevant to whether Sheriff Hill's conduct was objectively unreasonable, such opinions could confuse the jury about what standard to apply.

    Finally, Sheriff Hill anticipates that the government will solicit rank legal opinions, as it did in grand jury. It is improper for witnesses to "attempt to apply any law to the facts" or "testify to the legal implications of conduct; the court must be the jury's only source of law." *Conway v. Celebrity Cruises, Inc.*, 2021 WL 6274790, No. 19-24470-CIV-MARTINEZ/AOR, *3 (S.D. Fla. Oct. 6, 2021) (internal quotation marks and citations omitted); *see also Blanco v. Capform, Inc.*, 2013 WL 118171, No. 11-23508-Civ., *1 (S.D. Fla. Jan. 9, 2013) (granting motion in limine to exclude legal conclusions by lay witnesses, which are "improper and inadmissible at trial"). This Court should not allow such testimony.

## CONCLUSION

Sheriff Hill respectfully asks that this Court place firm guardrails around any opinions offered by lay witnesses and (1) forbid the government from soliciting legal conclusions; (2) forbid the government from soliciting opinions on the ultimate issues to be decided by the jury; and (3) allow only witnesses who have demonstrated the requisite training and experience with the use of the restraint chair and who have knowledge of the totality of the circumstances in each scenario to opine on whether Sheriff Hill's alleged actions align with accepted standards in law enforcement.

This 11th day of October, 2022.

         Respectfully submitted,


         By:/s/  ***Lynsey M. Barron***
            Lynsey M. Barron


         Drew Findling
           Ga. Bar No. 260426
         Marissa Goldberg
           Ga. Bar No. 672798
         The Findling Firm
         3490 Piedmont Road NE, Suite 600
         Atlanta, GA 30305
         Telephone (404) 460-4500
         Email: drew@findlinglawfirm.com
            marissa@findlinglawfirm.com


         Lynsey M. Barron
          Ga. Bar No. 661005
         Barron Law LLC
         3104 Briarcliff Road
         P.O. Box 29964
         Atlanta, Georgia 30359
         Telephone (404) 276-3261
         Email:  lynsey@barron.law

         ***Attorneys for Sheriff Victor Hill***

**CERTIFICATE OF SERVICE**

I hereby certify that on the below date I electronically filed the foregoing Motion to Limit Lay Opinion Testimony with the Clerk of Court using CM/ECF system which will automatically send email notification of such filing to the to the following attorneys of record:

>Brent Gray, AUSA
>Brett Hobson, AUSA
>U.S. Attorney's Office
>600 Courthouse
>75 Ted Turner Drive SW
>Atlanta, GA 30303

This 11th day of October, 2022.

>*/s/  Lynsey M. Barron*
> By:  Lynsey M. Barron
>       Ga. Bar No. 661005

>*Attorney for Sheriff Victor Hill*