IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | Criminal Action No. |
|---|---|
| v. | 1:21-CR-00143-ELR |
| VICTOR HILL | |

**GOVERNMENT'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Brent Alan Gray and Bret R. Hobson, Assistant United States Attorneys for the Northern District of Georgia, files the following objections to Defendant's proposed jury instructions (Doc. 79):

**1. Objection to Proposed Expert Witness Instruction**

The defendant proposed an Expert Witness instruction. (Doc. 79 at 9.) But neither the defense nor the government has provided notice of an intent to call an expert witness in this case. And although defense counsel emailed the government after the pretrial conference that they may call a non-fact witness, defense counsel stated that they did not believe he will be called as an expert witness. If no expert witness testifies, this instruction would be unnecessary and inappropriate.

## 2. Objection to Proposed Instruction on the Definition of "Knowingly"

The defendant proposed an instruction that includes a definition of the word "knowingly." (*Id.* at 10.) But the word "knowingly" does not appear in the charges against the defendant. Accordingly, this portion of the instruction is unnecessary and inappropriate.

## 3. Objection to Proposed Lesser Included Offense Instruction

The defendant proposed a Lesser Included Offense instruction. (*Id.* at 14.) But such an instruction would be confusing and unnecessary given the structure of the parties' agreed-upon verdict form.

## 4. Objection to Proposed Good-Faith Defense to Willfulness Instruction

The defendant proposed an instruction that Good-Faith is a complete defense to a finding of willfulness in this case. (*Id.* at 18.) But this instruction is inapplicable and inappropriate in this case because it does not apply to the version of "willfulness" that both parties agree governs this § 242 case.

The Eleventh Circuit Pattern Criminal Jury Instructions provide two different definitions of "willfully:" one in Basic Instruction 9.1A, which both parties agree applies in this case; and one in Basic Instruction 9.1B, which applies only where a defendant is charged with violating a specific known legal duty, such as in cases brought under the Internal Revenue Code. This Good-Faith defense instruction applies only to the latter types of cases. In fact, the pattern instruction from which the defendant took this proposed instruction is specifically titled "Good-Faith Defense to Willfulness (as under the Internal Revenue Code)," and the defendant simply left that parenthetical out of his proposed charge.

Furthermore, the annotations to the pattern Good-Faith charge specifically state that this Good-Faith instruction "may be given when appropriate as a supplement to Basic Instruction 9.1B." This instruction is inapplicable in the instant case.

5. **Objection to Proposed Offense Instruction about 18 U.S.C. § 242**

The defendant proposes an offense instruction concerning violations of § 242, but he includes several incorrect statements of law. (*See* Doc. 79 at 22.) For instance, the proposed instruction states that "the question for the jury is whether force was objectively unreasonable *and* furthered no legitimate nonpunitive government purpose. (*Id.* at 23 (emphasis added).) But that is not the law. The Supreme Court has made clear that a pretrial detainee can establish that force is unreasonable by showing that an officer's actions "are not rationally related to a legitimate nonpunitive governmental purpose *or* that the actions appear excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (emphasis added) (internal quotation marks omitted).

Similarly, the proposed instruction repeatedly tries to introduce the inapplicable concept of "good-faith," including by improperly stating as follows:

> Among the factors you must consider that might bear whether force was applied in a good-faith are: the need for the application of force used; the extent of the injuries to the inmate; the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them; and any effort made by the officer to temper or limit the amount of force.

3

(Doc. 79 at 24.) But the correct statement by the Supreme Court is as follows:

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or
> to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397. Thus, properly stated, these factors bear on whether the force was reasonable, not whether it was applied in good-faith, and the defendant's proposed version is incorrect and misleading.

In contrast to the defendant's proposed offense instruction, the government's proposed instructions concerning the offense accurately use language taken directly from applicable Supreme Court and Eleventh Circuit cases as shown in the government's citations. Accordingly, this Court should use the government's version.

**6. Objection to Proposed Limiting Instruction of Policy Statements**

The defendant proposed an instruction stating that violations of policy would not alone constitute a constitutional violation. (Doc. 79 at 27.) While that is true, the defendant leaves out the fact that "where an officer's actions so obviously violate his training on the use of force, a jury may infer that the violation was willful." *United States v. Brown*, 934 F.3d 1278, 1297 (11th Cir. 2019). The jury should be instructed fully regarding the import of any violations of policy and training.

**Conclusion**

For the foregoing reasons, the government objects to the identified proposed jury charges.

Respectfully submitted,

Ryan K. Buchanan
   *United States Attorney*


/s/Brent Alan Gray
   *Assistant United States Attorney*
   Georgia Bar No. 155089
   Brent.Gray@usdoj.gov


/s/Bret R. Hobson
   *Assistant United States Attorney*
   Georgia Bar No. 882520
   Bret.Hobson@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

# Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

>Drew Findling
>Marissa Helene Goldberg
>The Findling Law Firm, P.C.
>Suite 600, One Securities Centre
>3490 Piedmont Road NE
>Atlanta, GA 30305
>drew@findlinglawfirm.com
>marissa@findlinglawfirm.com
>
>Lynsey Morris Barron
>Barron Law LLC
>3104 Briarcliff Road
>P.O. Box 29964
>Atlanta, GA 30359
>lynsey@barron.law
>
>*Attorneys for Defendant Victor Hill*

October 11, 2022

>/s/ BRET R. HOBSON
>
>BRET R. HOBSON
>
>*Assistant United States Attorney*