UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | No. 1:21-CR-143-ELR-CCB |
| | ) | |
| | ) | |
| **VICTOR HILL,** | ) | |
| | ) | |
| Defendant. | ) | |

## SHERIFF VICTOR HILL'S MOTION FOR MISTRIAL

Sheriff Victor Hill respectfully moves for a mistrial—the only cure for the taint that hovers over the jury as it enters its fourth day of deliberation.

To recap, the jury was charged and began deliberations on Friday, October 21, 2022. The only note the jury sent to the Court that day was a request for a dictionary, which the parties agreed should be denied. Mid-morning on Monday, October 24, 2022, the Court informed the parties that the jury had reached a unanimous verdict on two counts but that they were deadlocked on the remaining five counts. The Court announced its intention to read the Eleventh Circuit's modified *Allen* charge, which the government supported and Sheriff Hill opposed. Sheriff Hill further requested that the Court publish the jury's verdict on the two charges and declare a mistrial on the remaining counts. The Court denied Sheriff Hill's request and gave the *Allen* charge.

Less than an hour after receiving the *Allen* charge, the foreperson returned another note that had two different sets of handwriting. The note did not appear to have any particular question, but it lodged several specific complaints about a particular juror that the parties and the Court deduced was a likely holdout juror. The Court instructed the jury to continue its deliberations. Sheriff Hill renewed his motion to publish and accept the two jury verdicts and to declare a mistrial on the remaining five counts, which again the Court denied.

On the morning of Tuesday, October 25, 2022, the defense requested the opportunity to meet before deliberations to reiterate its concerns about the infection that appeared to be looming in the jury room and again to move for mistrial. The Court denied the motion for mistrial. The Court also informed the parties that one juror would not be returning due to back pain and that the first alternate juror had been recalled. Sheriff Hill objected to adding this new juror since a unanimous verdict had already been reached on two counts and reiterated his request to publish the verdict as to the two unanimous counts and declare a mistrial as to the remaining counts, which motion was denied. The Court instructed the jury—with the alternate added—to begin deliberations anew, including reopening deliberations on the two counts already unanimously settled.

Before lunch on Tuesday, October 25, 2022, the foreperson returned another note lodging several additional complaints against the holdout juror, including

specific comments he is alleged to have made and an allegation that the juror was ignoring the law as instructed by the Court. The Court brought the foreperson out for questioning and asked her to reveal the identity of the holdout juror, though the Court had previously instructed the jury not to reveal the tally in its notes. The foreperson, upon questioning from the Court, conceded that the holdout juror was in fact participating in deliberations. The Court then brought the holdout juror out for questioning, who affirmed that he was deliberating in good faith and pointed to very specific instructions regarding "intent" and "willfulness" that he repeatedly cited to the other jurors as the basis for him not agreeing with their verdict. He expressed that it was clear to him that the other jurors were "annoyed" with him, and he became visibly emotional when describing how he had tried to convey his opinions and how the other jurors "screamed" at him. He stated that his fellow jurors were asking him questions and demanding "yes or no" responses, but he stated that he did not think the questions had simple "yes or no" answers. The transcript will reflect that the holdout juror clearly had different opinions than the rest of the jurors in terms of how to apply the law to the facts, but nothing in his responses suggested cognitive impairment, rejection of the law, or abdication of responsibility, as implied by the foreperson's comments. Indeed, the holdout juror was clearly capable of deliberating and rendering a verdict because he had

done exactly that as part of the unanimous decision on two counts the prior day. The Court instructed the jury to continue deliberating.

At the end of the day on Tuesday, October 25, 2022, the foreperson sent back yet another note with multiple people's handwriting containing another litany of complaints about the holdout juror including disagreements over whose testimony to credit.[1] The note asked to be released for the day and to continue deliberations the following day. The Court indicated its intention to read the *Allen* charge again in the morning, which the government supported and Sheriff Hill opposed. Sheriff Hill again moved for mistrial, which again the Court denied.

Sheriff Hill respectfully submits this Motion to memorialize in writing and renew his multiple oral motions for mistrial over the jury deliberation process.

## **ARGUMENT**

This Court should declare a mistrial because it is apparent from the multiple notes received from the foreperson and from the statements of the holdout juror that there is a deadlock in the jury and a fundamental disagreement about how to apply the law to the evidence in this case, including which evidence to credit. It should be clear by now that no further instruction from the Court—including but

---

[1] The Court gave the Eleventh Circuit's pattern instruction on the credibility of witnesses, which allows each juror to decide for themselves whether to credit particular evidence.

not limited to yet another reading of the coercive *Allen* charge—will cure this jury's inability to reach a unanimous verdict.

Courts are limited in piercing the sanctity of the jury room to inquire about deliberations. *See* Fed. R. Evid. 606(b). Jurors may not be called on to reveal their deliberations, thought processes, or mental impressions during deliberations. *See United States v. Brown*, 720 F.3d 1316, 1337 (11th Cir. 2013). Unfortunately in this case, the foreperson offered extensive and unsolicited detail about those deliberations, in the guise of questions from the jury,[2] which were shared with the parties and read aloud in public.[3] The government seized on these notes and called into question whether the holdout juror is fit to continue his service. But the problem is not with the holdout juror—indeed, he proves that the system is working exactly as it was designed to work. The problem is that the foreperson

---

[2] Juries are of course allowed to submit questions for clarification, and they often do so during deliberations. The foreperson's questions were markedly different than questions undersigned counsel have ever seen from jurors and can be more fairly characterized as declarative aspersions against the holdout juror *disguised* as questions, such as: "What do we do if one juror [insert airing of grievances here]?" If the jury is at an impasse, that is all the note need read.

[3] Because these notes were shared in public court, the press is reporting about the foreperson's "grave concerns over the cognitive ability of juror No. 6," whose name was shared in public, including his "problems understanding several words." *See* L. Stafford and J. Price, "Jury in Clayton Sheriff Victor Hill Trial Remained Deadlocked Tuesday," *Atlanta Journal-Constitution*, Oct. 25, 2022, *available at* [https://www.ajc.com/news/atlanta-news/jury-in-clayton-sheriff-victor-hill-trial-remained-deadlocked-tuesday/FIX3OPSX2ZCZNNI63SBAJUBSNE/](https://www.ajc.com/news/atlanta-news/jury-in-clayton-sheriff-victor-hill-trial-remained-deadlocked-tuesday/FIX3OPSX2ZCZNNI63SBAJUBSNE/).

elected to invite the Court and the parties into the underbelly of jury deliberation—a place to be occupied by the jury alone—which added confusion to what should be the clear conclusion that this jury is irreparably hung.

And what of the holdout juror? Would another *Allen* charge—which would be implicitly directed only at him—convince him to bend to the unyielding pressure he is clearly experiencing? In the name of justice, hopefully not, for the right to jury service vests not just with the accused, but also with the citizen juror. *See, e.g., J.E.B. v. Alabama ex rel T.B.*, 511 U.S. 127 (1994); *Batson v. Kentucky*, 476 U.S. 79 (1986). And it is a right not only to participate in reaching a verdict, but to stand firm and even to stand alone in his belief that the government failed to meet its burden. *See United States v. Brown*, 996 F.3d 1171, 1184 (11th Cir. 2021). In other words, it is the right to *block* a verdict, if that is his honestly held view.

Allowing for this contingency—the lack of unanimity—is the bedrock of the American criminal justice system and what makes it superior to any other on earth. We accept the fact that some juries are hopelessly deadlocked and that forcing further deliberation would be futile. *See Brewster v. Hetzel*, 913 F.3d 1042, 1047 (11th Cir. 2019). This case is similar to *Brewster*, where the jury reported its deadlocked status multiple times, was directed to continue deliberating, and was given an *Allen* charge. The Eleventh Circuit reversed the conviction and found that the defendant's trial counsel rendered ineffective assistance for not seeking a mistrial

in the face of such coercive pressure. What makes this case different from *Brewster* is that rather than simply relaying that the jury was at an impasse, the majority here ganged up on the holdout juror and has called his competence and his ethics into question—which has now been reported in the press. One can only imagine that juror's experience inside the jury room given the *ad hominem* attacks his fellow jurors so freely submitted to this Court's attention.

  The holdout juror, after three days of trying to deliberate through the bullying from fellow jurors, remains unconvinced that Sheriff Hill is guilty beyond a reasonable doubt and the addition of the thirteenth deliberating juror did not change that. Under the circumstances that have unfolded over the past few days, giving the *Allen* charge a second time—which would be targeted to a juror who already feels isolated and under attack, and who was singled out to explain in open court whether he is doing his job—is cruel and coercive. If the jury were to come back with a guilty verdict at this point, it would be the result of the court placing undue pressure on the holdout juror to nullify his own conclusions and abandon his core belief that the government failed to prove guilt beyond a reasonable doubt. This Court should accept his decision and declare a mistrial to avoid subjecting this jury to another day of fruitless hostility. Their work here is done.

Respectfully submitted this 25th day of October, 2022.

                By:<u>/s/    **_Lynsey M. Barron_**       </u>
                    Lynsey M. Barron

Drew Findling
    Ga. Bar No. 260426
Marissa Goldberg
    Ga. Bar No. 672798
The Findling Firm
3490 Piedmont Road NE, Suite 600
Atlanta, GA 30305
Telephone (404) 460-4500
Email: drew@findlinglawfirm.com
        marissa@findlinglawfirm.com

Lynsey M. Barron
    Ga. Bar No. 661005
Barron Law LLC
3104 Briarcliff Road
P.O. Box 29964
Atlanta, Georgia 30359
Telephone (404) 276-3261
Email:  lynsey@barron.law

*__Attorneys for Sheriff Victor Hill__*

**CERTIFICATE OF SERVICE**

I hereby certify that on the below date I electronically filed the foregoing Motion for Mistrial with the Clerk of Court using CM/ECF system which will automatically send email notification of such filing to the to the following attorneys of record:

>Brent Gray, AUSA
>Brett Hobson, AUSA
>U.S. Attorney's Office
>600 Courthouse
>75 Ted Turner Drive SW
>Atlanta, GA 30303

This 25th day of October, 2022.

>*/s/ Lynsey M. Barron*
> By: Lynsey M. Barron
>   Ga. Bar No. 661005
>
> *Attorney for Sheriff Victor Hill*