IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VICTOR HILL | Criminal Action No.<br><br>1:21-CR-00143-ELR-CCB |

**SENTENCING MEMORANDUM**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Brent Alan Gray and Bret R. Hobson, Assistant United States Attorneys for the Northern District of Georgia, files this Sentencing Memorandum.

The government recommends a sentence of 46 months' confinement for Defendant Victor Hill. Such a sentence is appropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a) and accounts for Mr. Hill abusing his authority and physically harming numerous pre-trial detainees under his care in the Clayton County Jail.

## Background

### A. Procedural History

On March 16, 2022, a federal grand jury in the Northern District of Georgia returned a second superseding indictment against Hill—then the Sheriff of Clayton County, Georgia—charging him with seven counts of willfully depriving detainees at the Clayton County Jail of their constitutional right to be free from unreasonable force by law enforcement officers, in violation of 18

1

U.S.C. § 242.  (Doc. 49.)  Specifically, the grand jury alleged that Hill caused the seven victims to be strapped into restraint chairs at the jail without any legitimate nonpunitive governmental purpose and for a period exceeding that justified by any legitimate nonpunitive governmental purpose.  (*Id.*)  The grand jury further alleged that these offenses caused physical pain and resulted in bodily injury to the victims.  (*Id.*)

On October 26, 2022, a jury convicted Hill on six of the seven counts.  (Doc. 94.)  As to each of those six guilty counts, the jury further found that the offense caused physical pain and resulted in bodily injury to the victims: Raheem Peterkin (Count One), Desmond Bailey (Count Two), Joseph Arnold (Count Three), Chryshon Hollins (Count Four), Glenn Howell (Count Six), and Walter Thomas (Count Seven).  (*Id.*)

### B.  Offense Conduct

Among the evidence before this Court at trial was the fact that Hill ordered each of the six victims strapped into restraint chairs for hours for no permissible purpose.  In addition, five of the six victims (all but Mr. Arnold) were handcuffed behind their backs while strapped in the chairs, in violation of Hill's own policy.

### C.  Guidelines Calculation

Hill is to be sentenced using the 2021 Guidelines Manual, as amended.  (PSR ¶ 105.)  Because the jury convicted Hill of violating 18 U.S.C. § 242, the applicable guideline section is USSG § 2H1.1 (Offenses Involving Individual Rights).  The PSR included the following guideline calculations:

- Base Offense Level under § 2H1.1(a)(2) (offense involved two or more participants): 12
- Enhancement One under § 2H1.1(b)(1)(A) & (B) (defendant was a public official and acting under color of law): +6
- Enhancement Two under § 3A1.3 (restraint of victim): +2
- Enhancement Three under § 3B1.1(c) (aggravating role): +2
- Grouping Enhancement under § 3D1.4 (more than five units): +5
- Total Offense Level: 27
- Criminal History Category: I

With a total offense level of 27 and a criminal history in category I, Hill would face an advisory guideline range of 70 to 87 months' imprisonment. (PSR Part D.)

Hill objected to three aspects of the PSR's calculations. First, he objected to the base offense level, arguing that "participants" in § 2H1.1(a)(2) refers only to individuals who are "criminally responsible for the offense" as explained in § 2H1.1 Application Note 2, which references § 3B1.1 Application Note 1. (*See, e.g.*, PSR ¶ 107, Defendant's Objection.) Second, he similarly objected to the role enhancement under § 3B1.1(c), noting that such an enhancement requires that the offense involved one or more other criminally responsible participants, as explained in § 3B1.1 Application Notes 1 and 2. (*See, e.g.*, PSR ¶ 110, Defendant's Objection.) Third, he objected to the restraint enhancement, arguing that "[t]he restraint is the offense conduct itself and therefore this should fall under application note 2 [of § 3A1.3] and no adjustment should apply." (*See, e.g.*, PSR ¶ 109, Defendant's Objection.)

Because the government does not intend to present evidence to support a finding that the offenses involved multiple *criminally liable* participants, this Court should sustain Hill's first two objections.  But, as explained further below, the Court should overrule Hill's third objection and apply the restraint enhancement.  Accordingly, if the Court agrees, the government anticipates the following guideline calculations at sentencing:

- Base Offense Level under § 2H1.1(a)(3)(A) (offense involved the use or threat of force against a person): 10
- Enhancement One under § 2H1.1(b)(1)(A) & (B) (defendant was a public official and acting under color of law): +6
- Enhancement Two under § 3A1.3 (restraint of victim): +2
- Grouping Enhancement under § 3D1.4 (five or more units): +5
- Total Offense Level: 23
- Criminal History Category: I

With a Total Offense Level of 23 and a criminal history in category I, Hill's advisory guideline range would be 46-57 months' imprisonment.

## Argument and Citation of Authority

As to the only contested guideline issue—whether an enhancement for physical restraint is applicable under § 3A1.3—this Court should overrule Hill's objection and apply the two-level enhancement.  Section 3A1.3 states that "[i]f a victim was physically restrained in the course of the offense, increase by 2 levels." § 3A1.3.  Courts have recognized that "the 'physical restraint' enhancement contained in section 3A1.3 ha[s] a very obvious purpose: the drafters of the guidelines intended that any offender who physically restrains his

4

victim should receive a two-level offense increase over offenders who commit the same offense but do not restrain their victims." *United States v. Tholl*, 895 F.2d 1178, 1185 (7th Cir. 1990).  "[A]n underlying consideration in applying the guideline is that the physical restraint of a victim during an assault is an aggravating factor that intensifies the wilfulness, the inexcusableness and reprehensibleness of the crime and hence increases the culpability of the defendant."  *United States v. Clayton*, 172 F.3d 347, 353 (5th Cir. 1999).

Hill does not contest that the victims were physically restrained in the course of the offense; instead, he argues only that "[t]he restraint is the offense conduct itself and therefore this should fall under application note 2 [of § 3A1.3] and no adjustment should apply."  (*See, e.g.*, PSR ¶ 109, Defendant's Objection.)  But Hill misreads Application Note 2.

Application Note 2 instructs courts not to apply the restraint enhancement in two situations: (1) "where the offense guideline specifically incorporates this factor," or (2) "where the unlawful restraint of a victim is an element of the offense itself (e.g., this adjustment does not apply to offenses covered by § 2A4.1 (Kidnapping, Abduction, Unlawful Restraint))."  § 3A1.3 comment. (n.2).  These exceptions "merely prevent double-counting of physical restraint under section 3A1.3 when a two-level increase for physical restraint already has been taken into account under the base offense or the specific offense characteristic, or when the act of physical restraint is an element of the underlying offense."  *Tholl*, 895 F.2d at 1185.

Here, the applicable offense guideline, § 2H1.1, does not specifically incorporate restraint as a factor in the base offense level or a specific offense characteristic,[1] so Hill must be arguing that the latter exception applies—i.e., that unlawful restraint of a victim was an element of his § 242 convictions. Hill's argument is misplaced.

Simply put, "[r]estraint is not an element of an offense under 18 U.S.C.A. § 242." *United States v. Evans*, 85 F.3d 617 (4th Cir. 1996) (unpublished table op.) (citing *Epley,* 52 F.3d at 583) ("The right abridged was the right to be secure from the use of unreasonable force by one acting under color of law. The same offense could be committed against an unrestrained victim."). In order to convict Hill of violating § 242, the jury had to find the following elements beyond a reasonable doubt as to each victim: (1) Hill deprived the victim of the right to liberty without due process of law, which includes the right to be free from the use of

---

[1] *See United States v. Epley*, 52 F.3d 571, 583 (6th Cir. 1995) (holding that restraint is not incorporated into § 2H1.1). If Hill were to argue that the base offense level under § 2H1.1(a)(3) specifically incorporates restraint because it requires "the use or threat of force against a person," other courts have rejected similar arguments. *See, e.g.*, *Arcoren v. United States*, 929 F.2d 1235, 1248 (8th Cir. 1991) ("Although section 2A3.1(b) lists 'the means set forth in 18 U.S.C. § 2241(a) or (b)'—i.e., force, threat, or other means—as a specific offense characteristic of Criminal Sexual Abuse, this does not necessarily include the physical restraint that section 3A1.3 covers. . . . Thus, although 'physically restrained' requires the use of force, use of force does not necessarily entail physical restraint.").

unreasonable force by law enforcement officers amounting to punishment; (2) Hill acted or claimed to act under color of state law; and (3) Hill acted willfully. (*See* Court's Instructions to the Jury.)  None of these elements require Hill to have restrained the victim to be found guilty.  Other offenders commit the same offense without restraining their victims, and the fact that Hill did so by restraining his victims does not change the elements of the offense as Hill now suggests.

Other courts have rejected Hill's argument.  For instance, in *Epley*, a jury convicted the two defendants of conspiring to infringe the victim's constitutional rights, in violation of § 241, and also convicted one of the defendants of acting under color of law to deprive the victim of his constitutional rights, in violation of § 242. *Epley* 52 F.3d at 575.  The constitutional rights at issue for all of these charges were the victim's "right to be free from 'seizure' without probable cause, in violation of the Fourth Amendment, and his rights under the due process clause of the Fourteenth Amendment to be free from arrest without probable cause." *Id.* at 576.

At sentencing, the government argued that the defendant should be sentenced either under § 2A4.1 (the "Kidnapping, Abduction, Unlawful Restraint" guideline), or under § 2H1.1 (the "Offenses Involving Individual Rights" guideline) with the § 3A1.3 two-level enhancement applied for restraint of the victim. *Id.* at 580-81.  The district court instead sentenced the defendants under § 2H1.1 without applying the enhancement under § 3A1.3 for restraint of a victim. *Id.* at 581.  Mirroring Hill's argument here, the court explained that it

declined to apply the restraint enhancement "because the act of false arrest includes restraining the victim so that the restraint 'cannot be seen as a separate victim related adjustment.'" *Id.*

On appeal, the Sixth Circuit agreed that the defendants should be sentenced under § 2H1.1 rather than under § 2A4.1. *Id.* at 581-82. But the Court reversed the district court's refusal to add the restraint enhancement under § 3A1.3. *Id.* at 583. The Court held that the exceptions in Application Note 2 did not apply because, even though the defendants were convicted for the false arrest and physical restraint of the victim, "the civil rights crime charged here under §§ 241 and 242 does not contain physical restraint as an element of the offense" and could be committed without restraint. *Id.*

In another § 242 case, the Sixth Circuit similarly upheld application of a restraint enhancement under § 3A1.3, further underscoring that restraint is not an element of the offense. *See United States v. Gray*, 692 F.3d 514, 521-22 (6th Cir. 2012). In that case, the jury convicted the defendant of violating § 242 by failing to obtain medical care for the victim after restraining him with a sleeper hold and rendering him unconscious. *Id.* Although "restraint" was an integral part of the defendant's offense conduct, the Sixth Circuit approved application of the enhancement. *See id.*

Likewise, the Eighth Circuit upheld application of the restraint enhancement under § 3A1.3 in another § 242 case in which restraint was the heart of the offense conduct. *See United States v. Wilson*, 686 F.3d 868, 871-72 (8th Cir. 2012). There, the jury convicted the defendant of depriving two victims of their

constitutional right to be free from excessive force by moving them from cells where they were safe to a different cell where they would be assaulted. *See id.* at 872. The Court held that locking the victims in these enclosed areas, which was the entire offense conduct for these two victims, supported applying the restraint enhancement. *See id.*

The Eleventh Circuit has rejected a similar argument, albeit in an unpublished opinion. *See United States v. Townsend*, 521 F. App'x 904, 909-10 (11th Cir. 2013) (unpublished). The defendant in *Townsend*, like Hill here, argued that a restraint enhancement under § 3A1.3 should not apply pursuant to Application Note 2 because restraint was essentially an element of his offense of conviction. *Id.* at 910 ("[Defendant] argues that unlawful restraint of a victim is intrinsic to counts 1 and 2, his § 1591(a) sex trafficking offenses."). But the Court disagreed: "Because the sex trafficking offenses could be accomplished without force, by means such as threats, fraud, and withholding L.F.'s passport, physical restraint was not necessarily intrinsic and an element of the offense itself." *Id.* Accordingly, the Court upheld application of the restraint enhancement. *Id.*

Here, like in *Epley*, *Gray*, *Wilson*, and *Townsend*, the fact that restraint was an integral part of the offense *conduct* does not mean that unlawful restraint of a victim became an *element* of the offense itself. Moreover, even assuming arguendo that Hill's strapping his victims into restraint chairs constituted an element of his § 242 convictions, five of his six victims were physically restrained in the course of the offense in an additional way—by being handcuffed. In sum, because Hill physically restrained his victims where other offenders commit the

same offense without doing so, the two-level enhancement under § 3A1.3 applies.

## Conclusion

For the foregoing reasons, this Court should increase Hill's offense level by two under § 3A1.3.

Respectfully submitted,

RYAN K. BUCHANAN
   *United States Attorney*

/s/BRENT ALAN GRAY
   *Assistant United States Attorney*
   Georgia Bar No. 155089
   Brent.Gray@usdoj.gov

/s/BRET R. HOBSON
   *Assistant United States Attorney*
   Georgia Bar No. 882520
   Bret.Hobson@usdoj.gov

600 U.S. Courthouse
75 Ted Turner Drive S.W.
Atlanta, GA 30303
(404) 581-6000
fax (404) 581-6181

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

>Drew Findling
>Marissa Helene Goldberg
>The Findling Law Firm, P.C.
>Suite 600, One Securities Centre
>3490 Piedmont Road NE
>Atlanta, GA 30305
>drew@findlinglawfirm.com
>marissa@findlinglawfirm.com
>
>Arthur Louis Aidala
>Law Offices of Aidala, Bertuna & Kamins, P.C.
>546 5th Avenue
>New York, NY 10036
>
>Lynsey Morris Barron
>Barron Law LLC
>3104 Briarcliff Road
>P.O. Box 29964
>Atlanta, GA 30359
>lynsey@barron.law
>
>*Attorneys for Defendant Victor Hill*

March 7, 2023

/s/ BRET R. HOBSON

BRET R. HOBSON
*Assistant United States Attorney*